## JOHN RADDIN *vs.* HENRY ARNOLD.

Essex.   November 5. — 9, 1874.   AMES & DEVENS, JJ., absent.

An engine placed by a tenant on solid masonry, to which it is affixed by iron bolts, and connected with a mill by pipes, belts, shafting and gearing, as well as a boiler connected with the engine, and set upon solid masonry but not affixed thereto except by its weight, and which cannot be removed without tearing down brick work surrounding it, and also part of the building, are not mere chattels for which trover will lie by one deriving his title, after condition broken, from the person who sold them to the tenant by a conditional sale, in the absence of evidence that the tenant placed them upon the premises without the consent of the vendor.

TORT for the conversion of a stationary steam-engine and boiler.

At the trial in the Superior Court, before *Bacon*, J., there was evidence tending to prove that Morse & Whyte sold the engine and boiler by a conditional sale to Wilson & Co., who had a lease of certain premises of one Blaney.   They assigned their lease to the defendant.   The plaintiff bought the engine and boiler of Morse & Whyte, after a breach of condition of the sale to Wilson & Co.   At the time of the sale to the plaintiff, the engine and boiler were attached to the premises of Blaney in the following manner:

They were placed upon said premises by Wilson & Co., while tenants under said lease, and were upon stone foundations in a small frame building which was built over them after they were placed there.   This building was adjacent to and connected by shafting and steam-pipes with a manufactory of woollen fabrics near by.   The engine was affixed by large iron bolts running through the base of said engine into solid masonry beneath and

secured by melted brimstone. The engine was attached to the boiler by the ordinary connections of this kind of machinery, and was attached to the mill and the machinery in it by the ordinary pipes, bolts, shafting and gearing. The boiler was a large iron boiler, tubular in form, was set upon brick masonry which was solid except the fire holes in the same, and was surrounded most of the way upwards by solid brick masonry, but was not affixed thereto except by its own weight. It could not be removed without tearing down the brick work and removing some portion of the permanent part of the building; and the body of the engine could not have been removed from said building without tearing away some part of the same.

There was also evidence tending to prove that after the defendant took the assignment of said lease, and after the plaintiff became purchaser from Morse & Whyte, the plaintiff made a demand upon the defendant for said engine and boiler with which the defendant refused to comply.

The plaintiff asked the judge to rule, that if the engine stood upon stone foundations, to which it was attached only by its weight and bolts, and could be removed without disturbing the foundations by simply removing the nuts from the bolts, it was personal property. The judge instructed the jury upon this point, that if the engine and boiler were located and attached as hereinbefore described, then this action would not lie upon a refusal to deliver them on demand.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*S. C. Bancroft*, for the plaintiff.

*E. T. Burley*, for the defendant, was not called upon.

GRAY, C. J. It does not appear by the bill of exceptions, and was not suggested at the argument, that there was any evidence that the engine and boiler were set upon the premises without the consent of the vendor. The only exception relied on is to the refusal of the instruction requested, and to the instruction given; and cannot be sustained. Whatever might have been the right of removal, the engine and boiler, so long as they were affixed to the realty in the manner stated in the bill of exceptions, were not mere chattels and therefore this action in

the nature of trover will not lie for them. *Richardson* v. *Cope-land*, 6 Gray, 536. *Clary* v. *Owen*, 15 Gray, 522. *Guthrie* v. *Jones*, 108 Mass. 191.                    *Exceptions overruled.*