Donnelly v. Thieben.

Reversed and remanded.

PETER DONNELLY

v.

LUDWIG THIEBEN.

| 9 | 495 |
|----|-----|
| 82 | 379 |

| 9 | 495 |
|-----|-------|
| 107 | ¹290 |
| 107 | ¹291 |

1. LANDLORD AND TENANT—REMOVAL OF FIXTURES.—Whatever fixtures the tenant has a right to remove must be removed before his term expires, or at least before he quits possession. If the tenant leaves the premises without removing them, and the landlord takes possession, they become the property of the landlord.

2. ACTION TO RECOVER VALUE OF FIXTURES.—To an action upon notes given for rent in arrear, the defendant claimed by way of set-off the value of certain fixtures left upon the premises and converted by the landlord. *Held*, that during the continuance of the term the fixtures were a part of the realty, and an action of trover would not lie for their conversion, and not being severed when the landlord took possession, they became his own, and their value could not be recovered under a count for goods sold and delivered.

ERROR to the Circuit Court of Cook county; the Hon.
ELLIOTT ANTHONY, of the Superior Court, sitting as Circuit
Judge, presiding.    Opinion filed November 29, 1881.

This was an action of assumpsit, brought by Peter Don-
nelly against Ludwig Thieben, upon two promissory notes, ex-
ecuted by the defendant to the plaintiff.    The defendant
pleaded the general issue, and filed with said plea a notice of
set-off, claiming an indebtedness for money had and received
by the plaintiff for the use of the defendant, and for goods,
wares and merchandise, sold and delivered by the defendant to
the plaintiff; and also gave notice of a special matter of de-
fense by way of recoupment, as follows:

"And said defendant will also give in evidence under the
general issue, and by way of recoupment against the claim of
the plaintiff, that the notes sued on were given for a balance
of rent by defendant to. plaintiff, due and owing for the ten-
ancy of certain premises by the plaintiff, before that time, let
and demised to the defendant, and that, on the expiration of
said tenancy, or their surrender by defendant, the said plain-
tiff appropriated and converted to his own use, certain remov-
able tenant's fixtures of defendant, to wit, shelving of the
value of one hundred and sixty-five dollars, the value of
which defendant claims to recoup or deduct from the plaintiff's
alleged claim against defendant."

On the trial before a jury, the plaintiff read in evidence the
notes sued on, and rested his case.    The defendant then offered
himself as a witness in his own behalf, and, against the objec-
tion and exception of the plaintiff, was permitted to testify, in
substance, that said notes were given for rent of certain prem-
ises leased to him by the plaintiff; that he had occupied said
premises about six years, keeping therein a crockery and china
store; that in July, 1877, he informed the plaintiff that he
wanted to leave the premises by the first of the following Au-
gust, and that he had found a tenant, one Stern, who would
take the premises and buy the defendant's shelving and other
fixtures; that plaintiff agreed to this, and agreed with Stern
to rent him the premises; that defendant also agreed with

Donnelly v. Thieben.

Stern to sell him the fixtures, and moved out his stock of goods, leaving the fixtures on the premises; that afterwards Stern de-- clined to take the premises, and plaintiff then rented them to another party for a pawn shop; that on the 1st or 2nd of August, defendant went to the premises to take away the fixtures, the new tenant being then in possession, and p'aintiff being also there; that he demanded the fixtures, and that both the plaintiff and the new tenant refused to let him have them; the plaintiff saying that they were nailed to the walls; that it would injure the walls to remove them, and that his lawyer· had advised him not to give them up; that the fixtures were kept there, and used by the new tenant, and that plaintiff said he had rented them to him; that said fixtures consisted of shelving, etc., and were fastened to the walls by nails, just as all shelving is attached to premises, and that they were worth $180.

On the foregoing, which was all the evidence in the case, the jury found a verdict in favor of the plaintiff for the amount of said notes, after deducting the value of the fixtures. The plaintiff thereupon moved for a new trial, on the sole ground that the court admitted improper testimony to go to the jury. This motion the court overruled, and gave judgment on the verdict in favor of the plaintiff. To reverse said judgment, the plaintiff brings the record to this court by writ of error.

Mr. F. W. Young, for plaintiff in error; that defendant's· remedy, if any, for the detention of the shelving was in tort, and no action *ex contractu* would lie; hence it was not a proper subject of set-off, cited Morrisson v. Rogers, 2 Scam. 317; Updike v. Armstrong, 3 Scam. 564; O'Reer v. Strong, 13 Ill. 688; McDonald v. Brown, 16 Ill. 32; Gray v. St. John, 35 Ill. 222; Creel v. Kirkham, 47 Ill. 344; Kellogg v. Turpie, 2 Bradwell, 70.

Unliquidated damages are not a proper subject of set-off: Hawks v. Lands, 3 Gilm. 227; Kellogg v. White, 12 Ill. 101; DeForrest v. Oder, 42 Ill. 500; Robison v. Hibbs, 48 Ill. 408.

Defendant's claim was not a proper subject of recoupment, because it did not grow out of the same cause of action: Levy

v. Bend, 1 E. D. Smith, 174; Drake v. Cockroft, 4 E. D. Smith, 40; Edgerton v. Page, 1 Hilt. 332; Mayor v. Parker, Vein S. S. Co. 21 How. Pr. 289; Slayback v. Jones, 9 Ind. 470; Hubbard v. Rogers, 64 Ill. 434; Evans v. Hughey, 76 Ill. 115; Waterman v. Clark, 76 Ill. 428.

Mr. JOHN LYLE KING, for defendant in error; as to defendant's right to recover, cited Cummings v. Noyes, 10 Mass. 435; Walker v. Davis, 1 Gray, 509; Abbott v. Blossom, 66 Barb. 358; Fanson v. Linsley, 20 Kan. 235; Waterman on Set-off, §§ 499–509.

BAILEY, J.   As the plaintiff saw fit to base his motion for a new trial solely upon the ground that the court admitted improper testimony, the only question we are at liberty to consider is, whether the court erred in refusing to set aside the verdict on that ground.   The evidence to which objection is made, is that which was offered by the defendant to support his defenses of set-off and recoupment.   Instead of presenting these defenses by special pleas, the defendant set them up by a notice filed with the general issue; and in determining the admissibility of the evidence, it is necessary to consider, first, whether the notice was, in the language of the statute, "sufficiently clear and explicit;" and second, whether the evidence admitted tended to support the defenses thus set up.

We are satisfied that the defense of set-off is set out with sufficient clearness, as the language used in stating this defense is substantially identical with that ordinarily employed in a formal plea of set-off.   But the notice, so far as it relates to the defense of recoupment, is manifestly insufficient.

In testing the sufficiency of the notice in this respect, we do not deem it necessary to determine whether the notes given by the tenant for the rent, and the tenant's claim for damages for the conversion or appropriation of his trade fixtures by the landlord, constitute mutual demands arising out of the same subject-matter, in such sense as to be capable of adjustment in one action by recoupment.   Assuming that they are so, still the notice is fatally defective.   The relative rights of landlord

and tenant in relation to the removal of trade fixtures, is clearly stated by Taylor in his treatise on Landlord and Tenant, Sec. 551, as follows:

"The decisions all agree that whatever fixtures the tenant has a right to remove, must be removed before his term expires, or at least before he quits possession; for if the tenant leaves the premises without removing them, and the landlord takes possession, they become the property of the landlord. The tenant's right to remove is rather considered a privilege allowed to him, than an absolute right to the things themselves. If he does not exercise the privilege before his interest expires, he cannot do it afterwards, because the right to possess the land and the fixtures as a part of the realty, vests immediately in the landlord; and although the landlord has no right to complain, if the land be restored to him in the same plight it was before he made the lease, yet if the land is suffered to return to him with additions and improvements, even by forfeiture or notice to quit, he has a right to consider them as a part of his property." To same effect, see 1 Wash. on Real Prop. 28; Ewell on Fixtures, 137.

The defendant, in order to establish his claim to damages for a conversion or appropriation by the landlord of the fixtures in question, must show that such act of the landlord was wrongful. This he wholly fails to do. The language of the notice, so far as it relates to this question is, "that on the expiration of said tenancy or their surrender by defendant, the said plaintiff appropriated and converted to his own use certain removable tenant's fixtures of defendant." On the expiration of the tenancy and the surrender of the premises by the tenant, the landlord, in the absence of any special arrangement on the subject, became the absolute owner of the fixtures, and his appropriation of them to his own use, was no invasion of the defendant's rights. To establish a claim for damages, the defendant must show an actual severance of the fixtures from the realty, before the expiration of the term, or at least before the surrender of possession, or some arrangement or agreement between him and his landlord by which the right of removal was continued after the surrender of possession.

Nothing of this kind appearing, the notice was insufficient to entitle the defendant to the defense of recoupment, and the evidence objected to was inadmissible to establish that defense.

The remaining question is, whether the evidence admitted tended to support the defense of set-off. It is claimed that it was properly admitted under the averment, in the notice of set-off, of an indebtedness for goods, wares and merchandise, sold and delivered by the defendant to the plaintiff. The rule seems to be supported by authority, that where a party has tortiously taken goods, and converted them to his own use, the owner may waive the tort, and sue in assumpsit for goods sold and delivered. But that rule cannot apply to this case, for the reason that fixtures, so long as they remain attached to the realty, are not goods and chattels for which trover or assumpsit for goods sold and delivered, will lie. Thus, Mr. Ewell, in his Treatise on Fixtures, page 77, says: "For many, if not most, purposes, during the continuance of the annexation, the thing is treated as a parcel of the realty; and though it is in the power of the party making the annexation, to reduce the thing again to the state of goods and chattels by severance, yet until so severed, it remains a part of the realty; and this seems to apply as well to trade fixtures as to other fixtures." So, Mr. Taylor lays down the rule that, "as a general proposition, it is correct to say that fixtures are complete personalty only as to the lessee's right of removal, but otherwise realty:" Taylor on Land, and Ten., Sec. 549. In Guthrie v. Jones, 108 Mass. 191, it is held that an action of trover will not lie against a landlord for the conversion of fixtures, during the term of the lease, while they remain unsevered from the realty. See, also, Roffy v. Henderson, 17 Q. B. 574; Greene v. Cole, 2 Wms. Saund. 228, 229; Davis v. Jones, 2 Barn. & Adolph. 165; Colegrave v. Dias Santos, 2 Barn. & Cress. 75; Preston v. Riggs, 16 Vt. 124; Raddin v. Arnold, 116 Mass. 270; Stockwell v. Marks, 17 Maine, 455.

In harmony with the principles of the authorities above cited, it is held in Lee v. Risdon, 7 Taunt. 188, that the price of the fixtures of a house cannot be recovered by the tenant under a declaration for goods sold and delivered.

It follows that the defendant could not have recovered of the plaintiff the value of the fixtures in question, in an action of assumpsit, for goods sold and delivered, and consequently, he cannot avail himself of it, as a set-off under his notice. The evidence was therefore improperly admitted in support of this defense.

There is no view of the case under which the admission of this testimony can be sustained, and the judgment will therefore be reversed and the cause remanded.

Judgment reversed.