(No. 12505.—Reversed and remanded.)

THE FABER-MUSSER COMPANY, Appellant, *vs.* THE WILLIAM E. DEE CLAY MANUFACTURING COMPANY, Appellee.

*Opinion filed February 18, 1920.*

1. PRINCIPAL AND AGENT—*principal is bound by authority he appears to give his agent.* A principal is bound equally by the authority which he actually gives his agent and by that which by his own acts he appears to give.

2. SAME—*when letter-heads used by an agent are admissible to show extent of his authority.* While the declarations of an alleged agent are of themselves incompetent to prove agency, they are admissible against the principal to show the extent of the authority of one who is, in fact, an agent; and letter-heads used by the agent are admissible on the question of the extent of his authority, where it may be assumed from the record that the letter-heads were in general use.

3. SAME—*fact of agency and extent of authority may be proved by parol or circumstantial evidence.* The fact of agency and the nature or extent of the authority of the agent may be established by parol or circumstantial evidence.

4. SAME—*when agent's authority is question of fact and when a question of law.* Whether an agent has express authority to do a certain thing is a question of fact for the jury, but whether an implied authority arises from a certain state of facts is a question of law, which should not be submitted to the jury by an instruction.

5. SAME—*when court should not give peremptory instruction that defendant is not bound by act of its agent.* In a suit for breach of contract, based on an order accepted by the agent of a manu-

facturing company, the court should not direct a verdict for the defendant company for lack of proof of the agent's authority where the evidence shows that the agent was in charge of the sole office of the company in Illinois, that the company was an Illinois corporation, and that the order on which the suit was based was within the ordinary business of the company and for materials which it manufactured and sold.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding.

ARTHUR KEITHLEY, for appellant.

PATTON & PATTON, (WILLIAM L. PATTON, HENRY L. PATTON, and HOMER ABBOTT, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellant, the Faber-Musser Company, a corporation engaged in business at Peoria, Illinois, brought suit in assumpsit in the circuit court of Sangamon county against appellee, the William E. Dee Clay Manufacturing Company, an Illinois corporation, whose factory is located at Mecca, Indiana, to recover $20,000 damages for failure to deliver fire brick contracted for by appellant from appellee through appellee's agent, Matthew M. Dee. The general issue and special pleas were filed by appellee denying the execution of the alleged contract. At the close of appellant's case the court gave a peremptory instruction directing a verdict for appellee. Judgment was entered on the verdict, and on appeal to the Appellate Court for the Third District this judgment was affirmed. A certificate of importance was granted by the Appellate Court and the cause is brought here by appeal.

The evidence shows that appellant is a dealer in building materials and that appellee is a manufacturer of fire brick and clay products. Appellee maintains an office at Spring-

field, Illinois, (the only office it has in this State,) which is in charge of its agent, Matthew M. Dee. The contract sued on consists of an order, and letter attached thereto, bearing date May 14, 1917, addressed to appellee and signed by appellant. Opposite the signature of appellant to the order appears: "Accepted—Wm. E. Dee Clay Mfg. Co., per Matthew M. Dee." The evidence shows that Matthew M. Dee was, and had been for several years, in charge of the office of appellee at Springfield. As we understand the record, the evidence shows that the signs on this office indicated that it was the sales office of appellee. Appellant offered in evidence Exhibit 3, and appellee objected to its admission on the ground that the printed letter-head carried an assumption of agency that had not been proven. The court sustained the objection and refused to admit the exhibit, which is as follows:

"WM. E. DEE CLAY MFG. CO.

Manufacturers

FIRE BRICK, FIRE CLAY, CUPOLA BLOCK,

FURNACE TILE AND SHAPES A SPECIALTY

30 Myers Building

Springfield, Ill.

(Western Sales Office)

*April 19, 1917.*

"*Faber-Musser Co., Peoria, Ill.:*

"GENTLEMEN—Replying to your letter of the 18th inst., we are pleased to quote you prices on our fire brick, delivered to Peoria, Ill., in car-load lots, as follows:

Dee Crown fire brick.............................$33.35 per M.
Oak Hill Special................................. 30.35 per M.
Large wire cut................................... 27.35 per M.
Bulk fire clay................................... 5.35 per ton

"Respectfully yours,

WM. E. DEE CLAY MFG. CO.

Per Matthew M. Dee."

The evidence also tends to show that the Springfield agent of appellee had frequently solicited orders from appellant but that prior to May 14, 1917, he had been unable to obtain any orders; that on April 18, 1917, the appellant

wrote a letter to William E. Dee at Springfield asking him to quote prices on fire brick; that Matthew M. Dee, the agent then in charge of the Springfield office, complied with the request and quoted prices by a letter (heretofore referred to as Exhibit 3) written on stationery bearing the printed letter-head above set forth, designating the Springfield office as the western sales office; that on May 14, 1917, in response to a telephone call from appellant, Matthew M. Dee went to Peoria and the order in question was then prepared in duplicate; that on the duplicate copy retained by appellant appear the words: "Accepted—Wm. E. Dee Clay Mfg. Co., per Matthew M. Dee." The agent of appellant who made this arrangement with Matthew M. Dee testified that the contract was made in duplicate and both copies signed by Matthew M. Dee, and there is no testimony in the record contradicting this testimony of appellant's agent except a statement made by counsel for appellee upon the trial that the contract was not signed in duplicate and that the copy retained by appellee's agent was not signed by him as accepted. May 16, 1917, appellee, by letter from its principal office in Indiana, refused to accept the order, stating, in substance, that it was then four weeks behind in its orders and that under the present conditions of car shortage it could not comply with the conditions named in the order. Further correspondence was had between the parties, in which reference was made to the alleged contract as an "order" by each of the parties. In none of this correspondence was there any suggestion on the part of appellee that appellee's agent, Matthew M. Dee, did not have authority to take and accept such an order for appellee.

The questions presented here for review are, whether or not the evidence admitted by the court, together with all the reasonable inferences that may be drawn therefrom, tends to establish the case stated by appellant in its declaration; whether or not the refusal by the court to admit Ex-

hibit 3 was reversible error; and whether or not, on the state of the record here presented, the trial court was justified in giving the peremptory instruction directing a verdict for appellee.

Appellant argues that appellee held Matthew M. Dee out to the world as its agent and that as such agent he was authorized to make contracts such as the one sued on, and that, furthermore, appellee is now estopped by its acts from repudiating the acts of its agent because it has ratified them. The law is well settled that a principal is bound equally by the authority which he actually gives his agent and by that which by his own acts he appears to give. (*Nash* v. *Classen,* 163 Ill. 409; *Doan* v. *Duncan,* 17 id. 272.) "Apparent authority in an agent is such authority as the principal knowingly permits the agent to assume or which he holds his agent out as possessing; such authority as he appears to have by reason of the actual authority which he has; such authority as a reasonably prudent man, using diligence and discretion, in view of the principal's conduct would naturally suppose the agent to possess." (2 Corpus Juris, 573.) "A general agent, unless he acts under a special and limited authority, impliedly has power to bind his principal by whatever is usual and proper to effect such a purpose as is the subject of his employment, and in the absence of known limitations third persons dealing with such a general agent have a right to act on the presumption that the scope and character of the business he is employed to transact measures the extent of his authority and to hold the principal responsible for the agent's acts within such authority." (2 Corpus Juris, 581; see to the same effect, 21 R. C. L. 854.) "Where a principal has by his voluntary act placed an agent in such a situation that a person of ordinary prudence, conversant with business usages and the nature of the particular business, is justified in presuming that such agent has authority to perform a particular act, and therefore deals with the agent, the principal

is estopped as against such third person from denying the agent's authority." (21 R. C. L. 907.)

The Illinois statute on the chartering of corporations for pecuniary profit in force at the time of these transactions provides not only that the corporation shall have a principal office, (Hurd's Stat. 1917, sec. 2, p. 699,) but also provides in section 4 of the same act that a copy of the certificate of complete organization of the corporation shall be recorded in the office of the recorder of deeds in the county where the principal office is located, and further provides in section 13 of the same act that it shall be the duty of the directors of every such corporation to cause to be kept at its principal office or place of business in the State, correct books of account, and that such principal office of the company shall be located in the State. The evidence shows, without contradiction, that appellee is an Illinois corporation; that since its organization the only office it has had in Illinois is the Springfield office, and that Matthew M. Dee, the agent who took this order, has been in entire charge of that office for seven or eight years. The evidence of William E. Dee, the president of the appellee corporation, is to the effect that his brother, Matthew M. Dee, was a traveling salesman, whose duty it was to solicit orders for appellee, with his authority limited to the approval and acceptance by appellee at its principal office in Indiana. It would be a somewhat unusual proceeding for a State to require that every corporation organized in the State for pecuniary profit should have a principal office in some county in the State and yet to assume that such office could be a principal office and not have someone in charge who could bind the corporation in business matters. A person of ordinary prudence, conversant with business usages and the nature of business affairs, it would seem, would be justified in presuming that a person in charge of such principal office in this State would be authorized to bind the company in any business transaction within the scope of its ordinary

business.    There can be no question that Matthew M. Dee accepted the order and must have assumed that he had authority so to do.    On the question as to whether he had authority to accept this order it makes no difference whether he signed both orders or only one.    There is no conflict in the record that he accepted the order.    The only question is his authority to do so in such a way as to bind the principal.    While it is true, as argued by counsel for appellee, that the declarations of an alleged agent are of themselves incompetent to prove agency, they are admissible against the principal to show the extent of his authority as such agent; and this includes also written statements by the agent contained on letters or letter-heads or receipts.    (2 Corpus Juris, 939.)    But it is also true that the fact of agency or the nature or extent of authority may be established by parol evidence.    Circumstantial evidence is ordinarily competent to establish the fact or extent of agency.    (2 Corpus Juris, 944.)    In case of doubt as to the extent of the agency and the authority of the agent to bind the principal, "reference may be had to the situation of the parties and property, usages of the country on such subjects, the acts of parties themselves, and any other circumstances having a legal bearing and throwing light on the question."    (21 R. C. L. 882.)    There is no question on this record as to the agency of Matthew M. Dee for the appellee company.    The only question in that respect is as to the extent of his agency, and under the authorities just cited the letter-heads used by appellee's agent at the Springfield office were admissible in evidence to show the extent of such agency.

It is argued that there is no evidence in the record tending to show that these letter-heads were ever approved by the company; that they may have been gotten up for the purpose of satisfying the self-pride of Matthew M. Dee, rather than with the sanction of the company.    This suggestion seems without merit.    It is fair to assume from

this record that these letter-heads were in general use; that the lettering on the office in Springfield also indicated that the office was the western sales office of the company; that these facts, in connection with the requirement of the statute that the principal office of an Illinois corporation should be in this State, would fully justify any reasonable man in assuming that the person in charge of that office had full control and management of the business of sales for appellee. There is no evidence in any way tending to show that appellant's agent knew that the agent at Springfield was in any way limited in his authority as to any business transactions that he should enter into on behalf of appellee. Another fact which tends strongly to justify this conclusion is that appellant wrote the first letter with reference to this order to William E. Dee, president, at the Springfield office, and this letter was answered there by Matthew M. Dee, who accepted the order here in dispute. Whether an agent has express authority to do a certain thing is a question of fact for the jury, but whether an implied authority arises from a certain state of facts is a question of law which should not be submitted to the jury by an instruction. *Doggett* v. *Greene,* 254 Ill. 134.

We think the evidence in this record was of such a nature on the question of the extent of Matthew M. Dee's agency that the contract here under consideration should have been submitted to the jury and that the trial court erred in giving a peremptory instruction to find for appellee. The question whether or not appellee, by its acts after the acceptance of this order by Matthew M. Dee, ratified his acts need not be here decided, in view of the fact that the case must be reversed on other grounds.

The judgments of the Appellate and circuit courts will be reversed and the cause remanded to the circuit court for further proceedings in harmony with the views herein stated.                          *Reversed and remanded.*