## R. A. Phillips, Appellee, v. Continental Auto Insurance Association, Appellant.

INSURANCE—*sufficiency of proof of agency to bind insurer.* A person who solicited plaintiff to insure his automobile in defendant insurance company is shown to have been defendant's authorized agent by undisputed evidence that at the time he solicited plaintiff he had in his possession applications, receipts, tags and other indicia of agency, that he took the application and plaintiff's check for the premium and forwarded them to defendant's home office, that acknowledgment was thereafter made to plaintiff thereof in writing, that upon receiving plaintiff's signed application and check he gave plaintiff a metallic identification tag bearing defendant's name and the words "insured car," and assured plaintiff that the insurance was then in force, and that after the loss defendant returned the application and check to appellant without disclaiming the agent's authority, and the company is liable for loss occurring before rejection of such policy.

Appeal from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding. Heard in this court at the April term, 1922. Affirmed. Opinion filed July 10, 1922. Rehearing denied October 4, 1922.

HENRY L. CHILD, for appellant.

S. H. CUMMINS, for appellee.

MR. JUSTICE HEARD delivered the opinion of the court.

This is an action in assumpsit by appellee as plaintiff against appellant as defendant to recover on an alleged oral contract of insurance, for damages sustained by reason of the destruction of a new Ford automobile by fire.

The declaration charged that on June 30, 1921, at Buffalo, Illinois, one of the agents of defendant entered into an oral agreement with plaintiff to insure the Ford automobile mentioned for $500 against loss by fire, etc., for the term of one year from that day

and that the plaintiff paid said defendant $29.95 as premium therefor; that defendant issued to plaintiff a certain tag for the purpose of showing that said automobile was so insured, which tag was a metal disc upon which was printed the words "Continental Auto Insurance Association of Springfield, Illinois, 'Insured Car' "; that on July 7, 1921, said automobile was totally destroyed by fire, and that the defendant has failed to pay.

The appellant pleaded the general issue with notice of special defense that the alleged agent of appellant with whom the alleged contract of insurance was made did not have any authority or power from appellant to make the same.

At the close of the plaintiff's evidence the appellant offered an instruction that the jury find the issues for the defendant, which the court refused to give. The appellant did not offer any evidence and then offered another instruction at the close of all the evidence that the court instruct the jury to find the issues for the defendant, which the court again refused to give. Then at the request of the plaintiff the court instructed the jury to find the issues for the plaintiff, and thereupon the jury returned a verdict, in accordance with this last instruction of the court, in favor of the plaintiff and against the defendant and fixed the damages at $564. Defendant filed its motion for a new trial with the usual grounds, which the court denied, and judgment was entered on the verdict, from which judgment this appeal is prosecuted.

It was the contention of defendant at the trial and is its contention now that no competent evidence was offered by the plaintiff tending to prove that the defendant had made any contract of insurance, verbal or otherwise, covering the car in question; also that no competent evidence was offered by the plaintiff tending to prove that the alleged agent, Anderson, had any power or authority from the defendant to

make the alleged contract of insurance, or any contract of insurance, on behalf of defendant.

The evidence shows that one Anderson, who represented himself as an agent of appellant and who had in his possession applications, receipts, metal tags and other indicia of such agency, solicited appellee to insure his used Ford car in appellant's company. Appellee signed an application for such insurance, gave a check for $29.95 for application and premium, and the application and check were forwarded by Anderson to appellant's home office in Springfield and acknowledgment thereof was later made to appellee in writing.

Appellee testified that Anderson told him at the time of taking the application that "just as soon as the check was written out and he received the check the insurance went right on and if the auto burned up before he got home it was insured." Anderson was not called as a witness and there was no *denial of this* testimony. At the time of the giving of the check, Anderson gave appellee a metal tag, on which were the words "Continental Auto Insurance Association of Springfield, Illinois, 'Insured Car,' " which tends to corroborate appellee in his assertion.

The application for insurance was made June 30, 1921. On July 8, 1921, lightning struck the barn in which the auto was and the auto and the other contents of the barn were consumed by fire. Appellee on July 8, 1921, notified Anderson of the loss by telephone at Williamsburg, a suburb of Springfield, and the next day the appellant's home office at Springfield wrote appellee that they were unwilling to insure the car and returned appellee's check which was later returned to appellant.

In *Aetna Ins. Co. v. Maguire,* 51 Ill. 342, it is said: "We desire it should be understood, in this *jurisdiction* at least, when an insurance company has appointed an agent, known and recognized as such, and

he, by his acts, known and acquiesced in by them, induces the public to believe he is vested with all power and authority necessary for him to do the act, and nothing to the contrary is shown or pretended at the time of doing the act, public policy, the safety of the people, demand the company should be liable for such of his acts as appear on their face to be usual and proper, in and about the business in which the agent is engaged. It is the fault of the companies in sending agents out among the people, gaining public confidence by the seeming acquiescence of their constituents in the conduct of their business. When a loss happens, they should not be permitted to say, in any case, the agent acted beyond the scope of his authority, unless it shall be made to appear the assured was informed of and knew the precise extent of the authority conferred. Any other principle, in its operation, would be turning loose upon an unsuspecting, honest and confiding people a horde of plunderers against which no ordinary vigilance could guard.''

That Anderson was appellant's agent is manifest from the correspondence in evidence. The uncontradicted evidence is that he agreed to insure the car for one year, the insurance to begin at once. He was clothed with the indicia of authority. There is nothing in the evidence showing that appellee had any notice or information that Anderson was not fully authorized to make the alleged contract and it was not until the car was destroyed by fire that the application was refused and the lack of Anderson's authority was not then assigned as a reason for refusal.

In *Faber-Musser Co. v. Dee Clay Co.*, 291 Ill. 240, it was said: ''Whether an agent has express authority to do a certain thing is a question of fact for the jury, but whether an implied authority arises from a certain state of facts is a question of law which should not be submitted to the jury by an instruction.''

We are of the opinion that the judgment was warranted by the evidence and it is affirmed.

*Affirmed.*