M. LEO LOONEY, JR., assignee, *vs.* TRIMOUNT THEATRES, INC.

Middlesex.    December 6, 1932. — March 2, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Estoppel.   Landlord and Tenant,* Fixtures.   *Fixtures.*

Where the agent of the owner of a building, in which were trade fixtures which had been left there by several successive tenants at the termination of their leases without any effort to remove them, in negotiations with a prospective tenant led him to believe that the owner of the building did not assert title to the fixtures and referred him to a third person when inquiry was made as to who owned them, and in consequence of such conduct of the agent the prospective tenant purchased the fixtures from such third person and, thereafter, such purchase being reported to the agent, a lease by the owner of the building to the new tenant was made, the owner of the building was estopped to claim title to the fixtures at the termination of the lease; and, upon his exerting dominion over them, an assignee for the benefit of the creditors of the tenant could maintain against him an action of tort for their conversion.

TORT for conversion of trade fixtures.   Writ in the Third District Court of Eastern Middlesex dated May 19, 1931.

On removal to the Superior Court, the action was heard by *Gray,* J., without a jury.   Material findings and rulings by the judge are stated in the opinion.   There was a finding for the plaintiff in the sum of $400.   The judge reported the action for determination by this court.

*G. M. Yaghjian,* for the defendant.

*M. L. Looney, Jr., pro se.*

CROSBY, J.　This is an action of tort brought by the plaintiff as assignee for the benefit of creditors of The Candy Box Inc. seeking to recover damages for the conversion of certain items as set forth in a schedule annexed to the declaration.　The case was heard in the Superior Court without a jury.　The judge made the following findings and rulings: "The articles referred to in the plaintiff's declaration are tenant's fixtures placed on the premises many years ago by a tenant and left there by several successive tenants at the expiration of leases or tenancies without any effort to remove them.　Title thereby passed to the defendant as owner of the premises.　The agent of the defendant in the course of letting the premises to the plaintiff's assignor when discussing these fixtures with the assignor's agent led him to believe that the defendant did not assert title to the fixtures and referred him to a third party when inquiry was made as to who owned the fixtures.　In consequence of this conduct of the defendant's agent, the plaintiff's assignor then purchased the property from the party to whom it was referred by the defendant.　This fact was reported to the defendant's agent and thereupon the lease was signed.　After the termination of the lease, the defendant exercised dominion over the goods and refused to permit the plaintiff to have them.　Under these circumstances, I give the plaintiff's second request.　I find for the plaintiff and assess damages in the sum of $400.　I give the defendant's first request and deny its second."　The plaintiff's second request was as follows: "If the defendant's agent acting within the scope of his employment, represented to plaintiff's assignor that title to the goods was in a third person, and the plaintiff's assignor in reliance thereupon, and in good faith purchased said goods from said third person, the defendant is thereby estopped to claim title to said goods as against the plaintiff."　The defendant's requests were: "1. It being a fact that the fixtures referred to in the declaration were not removed by T. Earle McKay, or any other person claiming the same, before the expiration of his tenancy on or about June 1, 1930, that the said fixtures became part of the premises by operation of law.

2. That upon all the evidence the plaintiff is not entitled to recover.'' The defendant excepted to the court's orders, rulings, and refusal to rule as requested, and to the decision in favor of the plaintiff. The findings show that the articles in question are trade fixtures.

The defendant's sole contention is that an action of tort for conversion cannot be maintained because the articles have lost their character as chattels and become a part of the realty. It is settled in this Commonwealth that trade fixtures become part of the realty and are removable by the tenant during his term, and that they retain their character as realty until such removal. *Guthrie* v. *Jones,* 108 Mass. 191. *Brown* v. *Wallis,* 115 Mass. 156. *Raddin* v. *Arnold,* 116 Mass. 270. *Noyes* v. *Gagnon,* 225 Mass. 580. Ordinarily, an action of tort, the common law action of trover, will not lie for such trade fixtures before their removal. *Guthrie* v. *Jones,* 108 Mass. 191. *Raddin* v. *Arnold,* 116 Mass. 270. *Barnes* v. *Hosmer,* 196 Mass. 323. *Commercial Credit Corp.* v. *Commonwealth Mortgage & Loan Co. Inc.* 276 Mass. 335. If a tenant fails to remove trade fixtures during his term, or such further term as is allowed in certain cases, the right of removal is lost, and the tenant cannot thereafter claim the fixtures as against the owner of the realty. *Wall* v. *Hinds,* 4 Gray, 256, 272, 273. *Bliss* v. *Whitney,* 9 Allen, 114. *Watriss* v. *First National Bank of Cambridge,* 124 Mass. 571. *Noyes* v. *Gagnon,* 225 Mass. 580, 585. *Wright* v. *Michelman,* 246 Mass. 401, 403. The foregoing settled principles of law are not questioned by the plaintiff but are fully recognized by him. His contention is that the defendant is estopped from asserting that the articles in question are part of the realty and hence the plaintiff is precluded from recovery. Upon the findings made by the trial judge the defendant's contention cannot prevail. It appears that the defendant's agent led the plaintiff's assignor to believe that the defendant did not assert any title to the fixtures, and referred him to a third person, when inquiry was made as to who owned them, from whom they were purchased by the plaintiff's assignor. The fact of purchase was reported to the defendant's agent

before the lease was signed, and it does not appear that he made any comment which would lead the plaintiff's assignor to believe that the latter was not now the owner of the articles. The reasonable interpretation of the acts and conduct of the defendant's agent was that the articles were not a part of the real estate of the defendant, but were chattels belonging to another which were temporarily on the premises. The doctrine of estoppel is stated in *Boston & Albany Railroad* v. *Reardon*, 226 Mass. 286, 291, and is quoted in *McLearn* v. *Hill*, 276 Mass. 519, at page 524: "In order to work an estoppel it must appear that one has been induced by the conduct of another to do something different from what otherwise would have been done and which has resulted to his harm and that the other knew or had reasonable cause to know that such consequence might follow. But the doctrine of estoppel is not applied except when to refuse it would be inequitable. 'The law does not regard estoppels with favor, nor extend them beyond the requirements of the transactions in which they originate.'" The facts found in the present case bring it within the doctrine as above defined. Every factor there named is present. *McLearn* v. *Hill*, 276 Mass. 519, at page 525, quotes from *Howard* v. *West Jersey & Seashore Railroad*, 102 N. J. Eq. 517, at page 521: "'Also, it should be noted that while the doctrine of *estoppel in pais* rests upon the ground of fraud, it is not essential that the representations or conduct giving rise to its application should be fraudulent in the strictly legal significance of that term, or with intent to mislead or deceive; the test appears to be whether in all the circumstances of the case conscience and duty of honest dealing should deny one the right to repudiate the consequences of his representations or conduct; whether the author of a proximate cause may justly repudiate its natural and reasonably anticipated effect; fraud, in the sense of a court of equity, properly including all acts, omissions and concealments which involve a breach of legal or equitable duty, trust or confidence, justly reposed, and are injurious to another, or by which an undue and unconscientious advantage is taken of another.'" This state-

ment of legal principles is peculiarly applicable to the facts in the case at bar. The reasonable interpretation of the words and acts of the defendant's agent was that, regardless of the character of the articles as matter of law, as between the defendant and the prospective tenant, the plaintiff's assignor, they were personal property belonging to a third person. The plaintiff's assignor, relying upon this representation, acted to his damage. The defendant cannot now be heard to claim that the articles are a part of the real estate and not subject to an action for conversion.

It was said by Knowlton, C.J., in *United Shoe Machinery Co.* v. *Bresnahan Shoe Machinery Co.* 197 Mass. 206, at page 215: "It is a familiar rule that, if one stands by and allows his property to be sold to an innocent purchaser without disclosing his ownership, he is estopped from claiming it afterwards." Although no case has been found where the facts are identical with those in the present case, the language of the court in *Morrison* v. *Sohn*, 90 Mo. App. 76, is pertinent. It was there said at page 81: "It would be strange indeed if the plaintiff, after her agent in his negotiations with defendant which resulted in the renting of the building had encouraged him (defendant) to purchase of Joffee [the subtenant] the said fixtures, could now be heard to claim that the same were a part of the building and, therefore, not the personal property of Joffee." See also *Vilas* v. *Mason*, 25 Wis. 310, 322, 326.

When the defendant and the plaintiff's assignor began their negotiations, the fixtures were annexed to the realty and, according to the usual rule, were a part of it. The conduct and words of the defendant's agent to the effect that the defendant did not own the fixtures and that, if the plaintiff's assignor wanted them, he must buy them of a third person, were, or might have been found, in substance and effect, to be an implied agreement that the fixtures, as between the plaintiff's assignor and the defendant, were then personal property and were to remain such during and after the expiration of the lease, provided the plaintiff's assignor bought the fixtures in accordance with the representation of the defendant's agent. The case on

this point thus falls within settled principles and the fixtures in fact did continue to be personal property even though not removed during the term of the plaintiff's assignor. *Howard* v. *Fessenden*, 14 Allen, 124, 128–129. *Handforth* v. *Jackson*, 150 Mass. 149. *Searle* v. *Roman Catholic Bishop of Springfield*, 203 Mass. 493, 495–496. Upon the facts found the defendant is estopped to claim that the articles in question are, as between it and the plaintiff, real property. *Raldne Realty Corp.* v. *Brooks*, 281 Mass. 233, 238.

*Exceptions overruled.*