Bolster, C. J.
The National Construction Company was the general contractor for the erection of a Federal Court House. The defendant, who was a prospective sub-contractor for the plumbing and heating work was required to give a bond for performance and the payment for his labor and materials. He applied to the plaintiff to become surety on such a bond. The plaintiff prepared a bond running to the National Construction Company, which recited the defendant as principal obligor and itself as his surety, executed it, and sent it to the defendant. Without signing it, he delivered it to the obligee. The general conditions of the contract of the National Construction Company and the United States government were incorporated by reference in the contract between the defendant and the National Construction Company. The defendant did not pay for material furnished on his job. The surety on the gen *268 eral contractor’s bond paid $1573.02 to satisfy such claims, and made claim upon the plaintiff for reimbursement. The plaintiff investigated, informed the defendant by letter of its intention to pay the claim, received no reply, and in good faith and with sound judgment paid the claim, in satisfaction of its liability on its bond to the National Construction Company. By this action it seeks exoneration, and sues upon a special count, and a common count for money paid. The answer, in addition to a general denial, alleges that the plaintiff paid no money for the defendant’s benefit, and that the plaintiff was not bound under its bond to pay as it did. The defendant’s application for suretyship, in addition to a general agreement for indemnity, gave the plaintiff the exclusive right finally to determine whether any claim upon it should be resisted or paid.
The trial judge reports action on four requests, the first three refused as irrelevant in view of facts found, the fourth dealing only with the common count, whereas the finding was on the special count. Assuming in the defendant’s favor that his argument is open upon the report, his position is, and it is the only point argued, that because the defendant never signed the bond as principal, the surety never became bound, and therefore made its payment as a volunteer. Even if the plaintiff, when sued as surety, could set up that defense, Dole Bros. Co. v. Cosmopolitan Preserve Co., 167 Mass. 481, it does not follow that the defendant can do so. He delivered the bond as an operative instrument, got his contract by reason of it, proceeded with the contract as though the bond were binding and should not now be heard to say that its delivery was an empty gesture, Cf. Paloeian v. Day, 1938 Adv. Sh. 491; Looney v. Trimount Theatres, Inc., 282 Mass. 275; People’s Express, Inc. v. Quinn, 235 Mass. 156, 159. It does not ap *269 pear that the plaintiff ever knew, and particularly when it made its payment, that the defendant had not done his expected part in the execution of the bond. It had a right to assume that he had done so, particularly when he failed, in answer to its letter, to inform the plaintiff of a fact known to him but not to it, which he now claims affected its liability. There is neither moral nor legal merit in his attempt to escape by that road.
The result in equity of the plaintiff’s payment was to vest in it the ownership of a claim which, as between it and the defendant, the latter ought to pay. Keener, Quasi Contracts, 396.
Report dismissed.