Bert Morehouse et al., Appellees, v. Gulf Warehouse and Sales Company, Appellant.

Heard in this court at the May term, 1938. Opinion filed November 7, 1938.

LANSDEN & LANSDEN, of Cairo, for appellant.

MILLER & MILLER, of Cairo, for appellees.

MR. JUSTICE EDWARDS delivered the opinion of the court.

Eleven suits were brought against defendant by plaintiffs, before a justice of the peace of Alexander county, to recover wages claimed to be due and owing for labor and services rendered to defendant by plaintiffs while working upon the levee at Cairo during the flood times of January and February, 1937. Recovery was had before the justice and defendant appealed to the circuit court, where, after a hearing before the court without a jury, judgments were rendered in behalf of eight of plaintiffs for $120 each, together with costs and attorneys' fees, and as to the other three plaintiffs the amount allowed in each instance was the sum of $48, also with attorneys' fees and costs. Defendant now asks this court to review such judgments.

Defendant raises three propositions: 1st, that it did not employ plaintiffs; 2nd, that even though its officers did engage them, they were not authorized so to do; and 3rd, that the trial court erred in rejecting an offer by defendant to prove certain facts.

As to the first contention, the eleven plaintiffs testified that Warren C. Sargent, defendant's superintendent at Cairo, engaged them to do the work. Sargent denies this. However, we think the decided weight of the testimony establishes the fact that they were in fact engaged by him in behalf of defendant.

As to the second proposition, it appears that at the time in question defendant was operating a warehouse at Cairo which contained a vast quantity of sugar; that flood conditions on the Ohio river threatened to overflow the levee and flood, if not destroy, the city, and that the civic authorities appealed to all men and employers of labor to lend their aid in working upon the levee in the effort to avert the threatened calamity. At the time referred to defendant had in its regular employ some seventy men, a number of the plaintiffs

having been engaged by Sargent a few days prior thereto, to labor at its plant. For years he had employed and discharged laborers in and about the plant as conditions required, and several of the plaintiffs had previously been engaged by him to work for defendant at different times. He thus appears to have had the customary authority of a plant superintendent to engage and discharge help as the situation demanded.

Requested by the city authorities to furnish all the man power employed by defendant, Sargent, by telephone, called his superiors in San Francisco regarding same. He testified that he was directed and authorized to transfer to the levee all the regular employees of defendant, but was expressly directed by C. J. Moroney, vice president of defendant, "not to turn over to the city or hire for our company any men other than our regular employees." The testimony of Moroney upon such matter was: "He (Sargent) was told to send everybody to the levee. It would be ridiculous if anything was said about possible employment of additional men to work for the Gulf warehouse." In view of the statement of Moroney and the clearly proven fact that Sargent did engage plaintiffs to do the work in question, which he no doubt would not have done had he been expressly ordered not to do so, it seems reasonably clear that the matter of additional help was not referred to in his telephone conversation with Moroney, and that he was not forbidden as he testified.

We think the proof discloses that Sargent, as defendant's superintendent of its Cairo plant, had over a term of years been permitted to hire and discharge employees as the exigencies of the situation required; that some of the plaintiffs had previously been so employed by him, and that the general course of dealing with laborers over such period was such as to justify a person of ordinary prudence, conversant with the usages of business and the character of the particular

occupation, in believing that the superintendent had the authority to employ in the work in question. Where such is true, a principal may not deny the agency to the injury of an innocent employee who has in good faith relied upon it; *Faber-Musser Co. v. Dee Clay Mfg. Co.*, 291 Ill. 240; *Union Stock Yard & Transit Co. v. Mallory, Son & Zimmerman Co.*, 157 Ill. 554. In our opinion, under the circumstances, plaintiffs were fully warranted in believing that Sargent had authority to engage them, and that the court was right in so holding.

It is also claimed that the trial court improperly refused an offer of proof by defendant.. The offer was: "The defendant desires to show by this witness and other witnesses who will be present that the Works Progress Administration of the Federal Government, ordinarily called the W. P. A., brought several thousand men here to Cairo to work on the levee during the high water of January and February, 1937, and that there was an understanding that the W. P. A. would take care of the pay roll on the levee for all men doing the work. These officials announced on February 3rd that they would no longer be responsible for the wages of any men on the levee work and that not until after that time did any of these plaintiffs ever make a claim that they were employed by the Gulf Warehouse and Sales Company."

It will be observed that the offer refers to an understanding that the W. P. A. officials would take care of the pay roll. Nowhere does it contain any assertion that plaintiffs, or any of them, were parties to the understanding. Unless they were such parties they would not be bound by the same, hence proof of such understanding, unless the plaintiffs were parties thereto, or in some manner assented to same, would be incompetent. Where an offer to prove embraces evidence which is in part inadmissible, the whole offer may be rejected; *Harman v. Indian Grave Drainage*

*District,* 217 Ill. App. 502; *People v. Venard,* 168 Ill. App. 254. The court's ruling thereon was correct.

We are satisfied that the judgments were right, and they will be affirmed.

*Judgments affirmed.*