EMPIRE BUILDING CORPORATION, Plaintiff-Appellant, *v.* ORPUT AND ASSOCIATES, INC., *et al.*, Defendants-Appellees.

(No. 74-168; 

Second District (2nd Division)—October 9, 1975.

John C. Tower, of Roszkowski, Paddock, McGreevy & Johnson, of Rockford, for appellant.

Pedderson, Menzimer, Conde, Stoner, Ferolie, Spelman & Killoren, of Rockford, for appellees.

Mr. JUSTICE DIXON delivered the opinion of the court:

This action followed the condemnation of an office building by the City of Rockford in conjunction with a downtown urban renewal project. An appraisal was made of certain "immovable fixtures," the city deposited the funds for payment with the court after the instant complaint for declaratory judgment was brought by the landlord, Empire Building Corporation against the tenant, Orput and Associates, Inc., and the city, to determine the right to the funds. After a hearing the Circuit Court of Winnebago County awarded the entire amount to the tenant and the landlord appeals.

Office space in the landlord's building had been rented for some time by the tenant on a month-to-month basis. The tenant was an architectural firm which had installed decorative wall coverings and panels for demonstrative purposes as well as decorative purposes. Carpeting had been laid, attached to tack strips. Two cabinets (one with sink) which were freestanding and self-supporting had been nailed to retain their stability.

Testimony for defendant was uncontradicted as to the absence of material injury to the freehold if the fixtures were removed and the trial court found that no material damage to the building would result from the removal of any of the items in question.

■■■ Generally a tenant whose leasehold is taken is entitled to payment for his trade fixtures on the condemned land but whether or not an article is a trade fixture for which a tenant may be entitled to compensation on condemnation of the realty depends on all the facts and circumstances of the particular case. (29A C.J.S. *Eminent Domain* § 175 (1965).) If, as against the lessor, as here, the lessee has the right, prior to or upon the expiration of his term, to remove fixtures, structures, or other improvements installed or erected by him upon the property taken, he is, generally speaking, entitled to be compensated for such improvements. 27 Am.Jur.2d *Eminent Domain* § 292 (1966); Annot., 3 A.L.R.2d 286, 302, § 8 (1949).

The right of the tenant to remove buildings or fixtures becomes material in apportioning a condemnation award between landlord and tenant. (*Corrigan v. City of Chicago,* 144 Ill. 537.) In some cases the right to remove arises from the fact that the fixture is classified as a trade fixture and removable if the act of removal does not result in a substantial injury to the freehold. Annot., 75 A.L.R. 1495, 1499 (1931).

In the instant case the city of Rockford took the entire building as it stood, including the "immovable fixtures" therein. The city has paid

for the "immovable fixtures" by depositing their value. The compensation money is deemed a substitute for the property. If the property is real estate the landlord gets the money. If the property did not become part of the real estate it was a chattel owned by the tenant who then gets the money. In apportioning the award as between landlord and tenant, the right of the tenant to remove trade fixtures is the basis of the tenant's claim for the value of such fixtures.

■■ In disputes between the landlord and tenant there is a presumption that the tenant, by annexing fixtures, did so for his own benefit and not to enrich the freehold, and the law accordingly construes the tenant's right to remove his annexations liberally, at least where removal may be effected without material injury to the freehold. 35 Am.Jur.2d *Fixtures* § 35 (1967); 36A C.J.S. *Fixtures* § 63a (1961); *Baker v. McClurg*, 198 Ill. 28, 34; *Hopwood v. Green*, 310 Ill.App. 411, 418; *Sword v. Low*, 122 Ill. 487, 499; *Galena Iron Works Co. v. McDonald*, 160 Ill.App. 211.

Articles annexed to the realty by a tenant for the purpose of carrying on a trade are ordinarily removable by him during his term (36A C.J.S. *Fixtures* § 38 (1961); *Hopwood v. Green*), unless the removal would substantially injure the freehold. *Ottawa Public Finance Corp. v. Blackley-Gould Corp.*, 281 Ill.App. 447.

The evidence in the case at bar establishes that no material injury will occur to the freehold if the fixtures are removed. At most there would be a few nail holes requiring patch plastering and some scraping off of glue. No evidence was introduced to overcome the presumption that annexation herein was accessory to the calling of the tenant, and not to the land. No evidence was introduced showing that the parties intended the items to become the property of the landlord.

The landlord argues that carpeting and the wall panels do not constitute trade fixtures as they were not related to a trade or manufacture but were instead designed to provide comfort and an attractive appearance and further that they were specifically suited for the offices then occupied by the tenant and if removed to a new location it would be extremely unlikely that the new space would accommodate the wall covering and carpeting.

In defining the term "trade fixture" we find a very concise statement in 36A C.J.S. *Fixtures* § 38b (1961), that an article may generally be regarded as a trade fixture if it is annexed for the purpose of aiding in the conduct by the tenant of a calling exercised on the leased premises for the purposes of pecuniary profit.

■■■ That the fixture is particularly adapted to the building in which it is placed is not determinative of the right to remove. (36A C.J.S. 688, n. 63 (1961).) The landlord is not affected by an injury done by the

842

tenant to the latter's own property. It may still be valuable to the tenant, even though he be put to extra expense to repair or rebuild. *Baker v. McClurg,* 198 Ill. 28, 35.

■■ We agree with the trial court that the equipment in question was intended to be trade fixtures and as such removable by the tenant. The judgment of the Circuit Court of Winnebago County is affirmed.

Affirmed.

RECHENMACHER, P. J., and T. MORAN, J., concur.