REVZEN BUSINESS INTERIORS, INC., Plaintiff-Appellant, *v.* ROBERT A. CARRANE *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 78-1178

Opinion filed May 16, 1979.

David G. Lynch, of Sidley & Austin, of Chicago, for appellant.

Elliott, Carrane, Freifeld & Uruba, of Chicago, for appellees.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court:
The plaintiff, Revzen Business Interiors, Inc., brought this suit for replevin against the defendants, Robert A. Carrane and Cosmopolitan National Bank of Chicago, the lessors of premises at 125 West Hubbard Street, Chicago, for unlawfully detaining an air-conditioning unit belonging to the plaintiff, following the termination of a lease. After a bench trial the court found in favor of the defendants and the plaintiff appeals from that judgment. The issue presented for review is whether the court erred in finding that the plaintiff lost its title and right to the possession of the air-conditioning unit by not removing it immediately upon termination of the tenancy.

It was established at trial that Revzen Office Equipment Company moved into the premises in 1954, and shortly thereafter purchased and installed at its own expense a 7-ton, water-cooled, air-conditioning unit. It also paid for all maintenance expenses. On October 25, 1976, Revzen Office Equipment Company sold its assets, including the air-conditioning unit, to the plaintiff. The tenancy on the premises was terminated as of October 31, 1976.

Selma Revzen, an employee of the plaintiff and formerly a long-term employee of Revzen Office Equipment Company, testified that sometime in the week prior to termination of the tenancy she received a telephone call from a man named Joe, an employee of Robert Carrane, whom she had dealt with over a period of years in connection with the maintenance of the building. Joe asked that the air-conditioner not be removed because they were trying to rent the space. She told him that the plaintiff wanted $1000 for the unit, and he asked whether the plaintiff would accept $500. She told him she did not think so, but Joe said, "Well, we'll come to some terms as soon as we rent the space." She testified that the plaintiff always dealt with Joe as if he represented the owner, and if the plaintiff had repairs or needed anything taken care of, Joe would be called at Robert Carrane's office.

Terms were not subsequently arranged, and two months after the tenancy expired a written demand for the air-conditioning unit was refused. Subsequent demands were also refused. Selma Revzen testified that when the tenancy was discontinued, the air-conditioning equipment was disconnected and was ready for removal. There was no damage to the building.

Robert Carrane testified that he represented the defendants as a lawyer and was also responsible for the operation of the premises at 125 West Hubbard Street. He was authorized to collect rents and negotiate all matters pertaining to the leasing of the premises. He stated there was a law clerk working for him by the name of Joe, who was not empowered to act in the capacity of sub-agent, and he was not aware of any communication between the plaintiff and Joe. At the time of the abandonment of the premises, he stated that there was no oral or written agreement to purchase the air-conditioner. He stated that sometime after the lease expired there was an offer from the plaintiff asking $1000 for the unit, but he replied by letter stating that he was not prepared to pay that amount.

The court found that it was unnecessary to reach the question of whether the air-conditioner was a trade fixture because that question was secondary to the requirement that the removal of fixtures be done during the term of the lease while the tenant remained in possession. Therefore, the court found that the defendants were entitled to ownership of the air-

conditioning unit. The plaintiff contends on appeal that this determination was erroneous under the facts.

Section 34 of an act to revise the law in relation to landlord and tenant (Ill. Rev. Stat. 1975, ch. 80, par. 34) provides for the removal of certain fixtures while the lessee remains in possession. However, that section does not provide for circumstances where property is left on the premises after the termination of the tenancy. In some jurisdictions the tenant is accorded a reasonable time after termination to remove his personal property. (See 51C C.J.S. *Landlord & Tenant* §317(b) (1968).) However, Illinois courts have held to the contrary. Where there is no reasonable time provision in the lease, a tenant has a right to remove personal property only so long as he remains in possession, and, when a tenancy expires, he forfeits his rights to remove the fixtures. *Moore v. Smith* (1860), 24 Ill. 574; *Savage v. University State Bank* (1931), 263 Ill. App. 457; *Fellows v. Johnson* (1913), 183 Ill. App. 42; *Galena Iron Works Co. v. McDonald* (1911), 160 Ill. App. 211; *Dreiske v. People's Lumber Co.* (1903), 107 Ill. App. 285; *Donnelly v. Thieben* (1881), 9 Ill. App. 495; *cf. Getzendaner v. Erbstein* (1950), 341 Ill. App. 594, 94 N.E.2d 746 (forcible ejection).

Nevertheless, the circumstances in this case are distinguishable because the air-conditioner was left on the premises at the request of someone in Robert Carrane's office who suggested that it remain there until arrangements could be made with the subsequent tenant. In the similar case of *Finley v. West* (Okla. 1970), 467 P.2d 169, the court held that plaintiff, a conditional sales vendor, was entitled to a reasonable time to remove the property after termination of the lease because of a conversation with one in authority asking that the heating and air-conditioning equipment be left until arrangements could be worked out with whoever moved into the premises. The court stated that the arrangement had the effect of extending plaintiff's time to remove the heating and air-conditioning equipment from the premises beyond the end of the tenancy.

■■ ■ Although in this case Carrane denied that his employee had authority to act in his behalf, there was testimony that the employees of plaintiff and its predecessor had dealt with Joe for a period of several years in connection with the maintenance of the building, and Joe had always dealt with them as if he represented the owner. In *Elmore v. Blume* (1975), 31 Ill. App. 3d 643, 334 N.E.2d 431, the court stated that a principal, having placed the agent in a situation where he may be presumed to have authority to act, is estopped from denying the agent's apparent authority. (See also *Faber-Musser Co. v. William E. Dee Clay Manufacturing Co.* (1920), 291 Ill. 240, 126 N.E. 186.) In the present case, the defendants are estopped from denying Joe's apparent authority in view of the pattern of past practices in which Joe had represented

Carrane in matters concerning the operation of the building. Thus, we find the agent's representation that arrangements would be made with a subsequent tenant allowed the plaintiff a reasonable time in which to recover the fixture after the tenancy expired.

■■ We also find that the air-conditioning unit was a trade fixture which could be removed by the tenant in light of testimony that no damage was caused to the freehold by its removal. (*Empire Building Corp. v. Orput & Associates, Inc.* (1975), 32 Ill. App. 3d 839, 336 N.E.2d 82; Annot., 43 A.L.R.2d 1378 (1955); 35 Am. Jur. 2d *Fixtures* §35 (1967).) Under these circumstances, we find that the court erred in finding that the title to the air-conditioning unit vested in the defendants.

Accordingly, the judgment of the Circuit Court of Cook County is reversed.

Judgment reversed.

SIMON, P. J., and McNAMARA, J., concur.