ELLEN H. P. TAYLOR *vs.* JOHN H. JONES & another, executors.

Plymouth. May 16, 1922. — June 29, 1922.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Tax,* Federal estate tax. *Executor and Administrator. Estoppel. Equity Pleading and Practice,* Finding by judge, Estoppel.

The tax imposed by 39 U. S. Sts. at Large, 777, as amended, is an estate tax and not a legacy nor a succession tax, and, where a will makes no provision for its payment and there remains a residue of sufficient amount after the payment of legacies and bequests other than a residuary legacy, such tax should be paid from the residue.

The relation between an executor on the one hand and legatees under a will on the other is fiduciary in character and requires on his part the utmost good faith in his dealings with them and reasonable diligence to protect their interests.

At the hearing of a suit in equity to require two executors of a will to pay to a pecuniary legatee a balance of the legacy alleged still to be due, it appeared

that the plaintiff was a woman residing in California; that one of the executors was a New York attorney at law whose wife was the residuary legatee, and that the other executor received no benefit from the residuary legacy to his co-executor's wife; that in April, 1919, in a conversation with the plaintiff's husband, the attorney executor explained that the plaintiff's legacy would be paid after deduction of the State inheritance tax "and the proportionate part of the Federal estate tax;" that he afterwards sent to the plaintiff for her signature a document authorizing the executors to pay to a designated Boston bank "the net amount of the legacy . . . after payment by you of Massachusetts State Inheritance Tax on said legacy, and of my proportionate part of the Federal Estate Tax, and I hereby authorize the . . . proper officer of said Bank to receive and receipt in full for said amount in my name." The plaintiff signed the document and returned it, and the deposit with the deductions noted was made. In May, 1919, the defendants sent to the plaintiff a letter showing the payments made for the taxes and to the plaintiff and enclosed a receipt for her to execute and return. The plaintiff replied by telegram refusing to sign the receipt and demanding the amount deducted from her legacy on account of the federal tax. The defendants had no conference previously with the plaintiff before the federal tax was paid. The attorney executor testified that he had no doubt that the legacy was taxable, that he had seen no decision to the contrary and knew what the law should be, that the plaintiff did not ask for his advice in the matter, and that he did not feel called upon to give her any. A judge of the Probate Court who heard the suit found that the plaintiff was not estopped from maintaining the suit. *Held,* that

(1) It could not be ruled that the executors were misled in the performance of their duties by any act or silence of the plaintiff, or that their position had changed by reason of the writing which was sent her and which she signed;

(2) It could not be ruled as a matter of law that the document signed by the plaintiff in April, 1919, operated as an estoppel;

(3) In the circumstances the question, whether an estoppel had been established, was a question of fact;

(4) The finding of the judge had the same effect as a report of findings of facts made under G. L. c. 214, § 23, and should not be reversed unless clearly wrong;

(5) The contention, that one of the executors received no benefit from the payment of the residuary legacy to the wife of his co-executor, did not affect the result reached;

(6) The finding of the judge and a decree for the plaintiff were warranted.

BILL IN EQUITY, filed in the Probate Court for the county of Plymouth on June 28, 1920, seeking to require the defendants, executors of the will of Horace P. Tobey, late of Wareham, to pay to the plaintiff a balance of $10,696.05, with interest, alleged to be due her on account of a legacy of $100,000 given to her under the provisions of the will.

In the Probate Court, the suit was heard by *L. E. Chamberlain,* J., a commissioner having been appointed under Equity Rule 35 to take the testimony. Material evidence is described in the opinion. The judge made the following findings and rulings:

"Following the decision in *Plunkett* v. *Old Colony Trust Co.* 233 Mass. 471, the tax imposed by the federal act in question is an estate tax and not a legacy or succession tax, and, the will making no provision for its payment, it must be paid out of the residue.

"The writing upon which the defence of estoppel is based, signed by plaintiff, was prepared by defendant Jones one of the executors unsolicited by plaintiff. He is a lawyer and at the time was satisfied from his own examination of the law that the tax in question should be paid ratably by all the legatees. He, rather than the plaintiff, took the initiative. She relied upon his advice. The parties acted upon a misapprehension of the law as here interpreted. There was no intention on the part of plaintiff to mislead the defendants and they were not misled by any act or silence on her part. It is only by inference that authority was given the executors to deduct the tax. The bank officials were authorized to give a receipt in full for the balance of the legacy after the executors had paid the plaintiff's proportionate part of this tax. The defence of estoppel is not sustained and there is now due the plaintiff from the defendants the amount of said deduction with interest."

By order of the judge, a final decree was entered that the plaintiff recover of the defendants the sum of $10,696.05 with interest at four per cent from May 14, 1919, to December 1, 1921, in the sum of $1,087.43." The defendants appealed.

The case was submitted on briefs.

*R. G. Dodge & H. S. Davis*, for the defendants.

*F. D. Putnam*, for the plaintiff.

CROSBY, J. This is an appeal from a final decree entered in the Probate Court by which the defendants are directed to pay to the plaintiff the balance of a legacy of $100,000 given to her by the will of Horace P. Tobey. The defendants have paid her $80,224.37 by depositing that amount to her credit, at her request, in the Fourth Atlantic National Bank of Boston. This sum was arrived at by deducting from the total amount of the legacy the Massachusetts inheritance tax of $8,937.50, the Maine inheritance tax of $142.08, and a proportionate part of the federal estate tax, so called, of $10,696.05, which has been paid by the executors.

This bill in equity is brought to recover the amount of the

federal estate tax, so called, with interest. Two questions are presented: (1) is the legacy taxable under the Act of Congress creating the tax and (2) if it is not taxable, is the plaintiff estopped from recovering the amount so paid?

The bill in equity was heard by the judge of the Probate Court for the county of Plymouth. The only witness was the defendant Jones, whose testimony together with certain exhibits is embodied in the record. The judge found and ruled that the tax imposed by the federal act was an estate tax and should be paid out of the residue of the testator's estate; he further found upon the subsidiary facts found by him that the plaintiff was not estopped from recovering from the executors the tax so paid and deducted from her legacy.

The first question is settled by the recent decision of this court in *Plunkett* v. *Old Colony Trust Co.* 233 Mass. 471, which held that the tax imposed by the U. S. St. 1916, c. 463, § 201 (39 U. S. Sts. at Large, 777), as amended, is an estate tax, and not a legacy or succession tax, and when the will of the testator makes no provision for its payment, it must be paid out of the residue of the estate. As the will in the case at bar made no provision for payment of the tax, it follows that it was payable out of the residue. *Matter of Hamlin,* 226 N. Y. 407. *New York Trust Co.* v. *Eisner,* 263 Fed. Rep. 620; affirmed by the Supreme Court of the United States in 256 U. S. 345. *Liebman* v. *Fontenot,* 275 Fed. Rep. 688. See also *United States* v. *Woodward,* 256 U. S. 632.

The question remains whether the plaintiff is estopped from maintaining this suit. When the tax was paid and for sometime previously thereto the plaintiff was residing in Pasadena, California; the defendant Jones was practising law in New York, and his co-executor Taylor, who was not a lawyer, lived in Wareham, in this Commonwealth. Jones testified that early in April, 1919, he had a conversation with the plaintiff's husband, who wanted to know when and how the legacy was to be paid; that Jones "explained to him that . . . [they] were going to pay the State inheritance tax on the legacy and the proportionate part of the Federal estate tax, and that . . . [they] would pay the balance into any bank that Mrs. Taylor would designate." Afterwards he sent to her a paper for her signature, copy of which, signed and witnessed, is as follows:

"April, 1919.

John Hall Jones, Esq.,
and J. Watson Taylor, Esq.,
Executors of Horace P. Tobey, Deceased.
Gentlemen:

I hereby authorize you or either of you to deposit in my name in the Fourth Atlantic National Bank, Boston, Massachusetts, to my credit, the net amount of the legacy left to me by the will of the late Horace P. Tobey, of Wareham, Massachusetts, after payment by you of Massachusetts State Inheritance Tax on said legacy, and of my proportionate part of the Federal Estate Tax, and I hereby authorize the President or other proper officer of said Bank to receive and receipt in full for said amount in my name.

Very truly yours,
(sgd)   Ellen H. Taylor

Witness:
Eleanor T. Houghton."

On April 28, 1919, the plaintiff wrote to Jones. In the first sentence of her letter she states: "Your letter enclosing the affidavit at hand, and am returning same signed and witnessed." Afterwards the respondents deposited to her credit in the Fourth Atlantic National Bank of Boston $80,224.37 and the bank notified her to that effect. On May 31, 1919, the defendants sent a letter to the plaintiff showing the amount placed to her credit in the bank and the amount of the various taxes paid, including a statement of the total federal tax paid, and the proportionate share paid on the legacy in question amounting to $10,696.05. In this letter the defendants enclosed a receipt for $80,224.37 in full payment of the legacy for her to sign; in reply, by telegram, she refused to sign the receipt and demanded the amount of the tax so paid.

The defendant Jones testified in substance that he had no legal advice in the matter of the taxation of the estate; that he was satisfied that the federal estate tax should be paid ratably by all legatees; that he had read the statute but had not investigated the law; that he had seen a decision of a New York surrogate on the question which agreed with his view; that in Pennsylvania there was a law like the federal estate tax statute, that all the courts of that State had held during the last forty years that the

tax should be prorated among the legatees; that he had not seen the plaintiff nor discussed the matter with her before paying the tax; that he had no doubt that the legacy was taxable, that he had seen no decision to the contrary, and knew what the law should be; that he did not learn of the decision in the *Matter of Hamlin,* 226 N. Y. 407, until nine months after it was decided; that the residuary legatee named in the will was his wife, who was a relative of the plaintiff; that the plaintiff did not ask for his advice in the matter, and that he did not feel called upon to give her any.

Without reciting in further detail the testimony of the defendant Jones, it seems plain that he was so clearly of the opinion that the legacy was taxable under the federal statute that he neither sought nor obtained any advice upon the question; and did not make any examination of the law except to read the statute, from which he apparently was willing to pay the tax out of the legacies, and distribute the residue to his wife as residuary legatee, without further information or investigation.

The relation between an executor on the one hand and legatees under a will on the other is fiduciary in character, and requires on his part the utmost good faith in his dealings with them, and reasonable diligence to protect their interests. 1 Perry on Trusts, (6th ed.) §§ 206, 425, 427. *Colburn* v. *Hodgdon,* 241 Mass. 183.

The defendants had no conference with the plaintiff before the tax was paid. The conversation between Jones and the plaintiff's husband did not authorize the executors to make the payment even if it be assumed that her husband had authority to act for her; at this conversation, Jones stated that the executors "were going to pay . . . the proportionate part of the Federal estate tax." It is a rational inference that he had fully made up his mind in advance on that question. It cannot be ruled as matter of law that the writing signed by the plaintiff operated as an estoppel to the recovery of the balance of the legacy; it was prepared and sent by Jones, unsolicited by her; she knew he was a lawyer and had a right to assume that her legacy was chargeable with the tax; the words "my proportionate part of the Federal Estate Tax" properly construed mean the proportionate part of a lawful tax; an unlawful payment was not authorized.

It could not be ruled that the executors were misled by any act or silence of the plaintiff in the performance of their duties,

or that their position had changed by reason of the writing which was sent her and which she signed. From the testimony of the defendant Jones it is apparent that as a matter of statutory construction, he had fully determined that the legacy was subject to the tax, and acting upon that view of the law paid it. He acted under a misapprehension of the law, and was willing to decide the meaning of the act without waiting until it had been construed by a court of competent jurisdiction, and without filing a petition in court for instructions, or expressing to the plaintiff any doubt as to whether it was applicable to her legacy.

Whether estoppel has been established is a question of fact, where it is possible to draw more than one inference from the evidence. *Gorton-Pew Fisheries Co.* v. *Tolman,* 210 Mass. 402, 407, 408. *Boston & Albany Railroad* v. *Reardon,* 226 Mass. 286, 291.

The finding of the judge expressed in his findings filed will not be reversed unless plainly wrong. It has the same effect as a report of finding of facts made under G. L. c. 214, § 23. *Cohen* v. *Nagle,* 190 Mass. 4. *Howe* v. *Howe,* 199 Mass. 598. *Matthews* v. *Dinner,* 237 Mass. 153, 155. "The law does not regard estoppels with favor, nor extend them beyond the requirements of the transaction in which they originate." *Tracy* v. *Lincoln,* 145 Mass. 357, 360. The tax was paid by the executors, through no conduct of the plaintiff which induced them to act to their disadvantage. *Tyler* v. *Odd Fellows' Mutual Relief Association,* 145 Mass. 134, 138, 139. *Stiff* v. *Ashton,* 155 Mass. 130. *Iverson* v. *Swan,* 169 Mass. 582. *Boston & Albany Railroad* v. *Reardon, supra.*

The contention that the defendant Taylor received no benefit from the payment to the wife of Jones does not affect the result reached, which is not contrary to what was decided in *Haskell* v. *Manson,* 200 Mass. 599, and other cases cited by the defendants. The writing authorizing the payment, signed by the plaintiff, was directed to both executors and there is evidence tending to-show that they acted together in the entire transaction.

The decree should be modified to include interest from December 1, 1921, and as so modified is affirmed.

*Ordered accordingly.*