SAMUEL E. NELSON & another *vs.* JOHN R. WENTWORTH
& another.

Suffolk.    December 14, 1922. — January 4, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Equity Pleading and Practice*, Appeal.  *Contract*, Ratification.  *Landlord and
Tenant*, Validity of lease, Ratification of unauthorized lease by subsequent
owner.  *Estoppel.*

Where, upon an appeal from a decree dismissing·a suit in equity which was heard
by a judge of the Superior Court, a commissioner having been appointed under
Equity Rule 35 to take the testimony, the record contains a statement by the
judge of his findings of fact but, by agreement and stipulation of the parties
approved by the judge, the report of the commissioner is omitted from the record,
the judge's findings of fact must be treated as final and the only question open
is, whether, on the facts found, the decree rightly was entered.

What purported to be a lease in writing of certain real estate owned by tenants
in common, one of whom was insane and under guardianship, was executed, as
lessor, by the husband of the other co-owner.  He had no title nor authority
in the premises.  The lessee entered upon and enjoyed the premises and paid
rent to the person who was named in the instrument as lessor until there was
a sale of the fee of the premises by a guardian's sale under license of the Probate
Court and, by a decree of partition, the premises described in the lease were con-
veyed to the purchaser at the guardian's sale.  Such purchaser had an account-
ing with the person who had purported to be lessor, approved his account con-
taining items designated as rent and received a balance shown to be due on that
account.  He did not know of the lease in writing.  *Held*, that such mere accept-
ance of the items of rent, without knowledge of the existence of the instrument
purporting to be a lease, did not make the lease valid as to the new owner, did
not constitute a ratification of the lease by him and did not estop him from
denying its validity.

BILL IN EQUITY, filed in the Superior Court on February 4, 1922,
by Samuel E. Nelson, who sought, as the lessee under a lease in
writing of certain real estate, to be permitted to redeem the real
estate from a mortgage held by the defendant John R. Wentworth
as assignee and which was in the process of foreclosure in the
interest, the plaintiff alleged, of the defendant Charles H. Went-
worth, who owned the fee to the property.

Clifton H. Eadie, alleging himself to be a lessee under a lease in
writing of another portion of the real estate covered by the mort-
gage, was, on his motion, permitted to be joined as a party plaintiff.

The suit was heard in the Superior Court by *Hammond,* J., a commissioner having been appointed under Equity Rule 35 to take the evidence. The judge filed a statement of his findings of fact. Material findings are described in the opinion. By his order, a decree was entered dismissing the bill. The plaintiffs appealed.

The parties waived the printing in the record of the testimony and exhibits and a stipulation to that effect was approved by the trial judge.

The case was submitted on briefs.

*A. L. Richards,* for the plaintiffs.

*D. W. Murray & S. E. Duffin,* for the defendants.

RUGG, C.J. This is a suit in equity by alleged tenants of real estate against the mortgagee and the owner of the equity of redemption, wherein the plaintiffs offer to take over the mortgage and seek to restrain its threatened foreclosure and to obtain recognition of their rights as tenants. The case was heard by a judge of the Superior Court, who made findings of fact and entered a decree dismissing the bill. The plaintiffs' appeal brings the case here.

The evidence is not reported and therefore the findings of fact must be accepted as final. The question is whether the decree rightly was entered on the facts found. *First Baptist Society in Brookfield* v. *Dexter,* 193 Mass. 187, 189.

The premises here in question, together with adjoining premises, were owned by Mrs. Hayes and one Brosnan as tenants in common. The husband of Mrs. Hayes collected rents, made repairs, and paid taxes and mortgage interest. In 1917 Brosnan was adjudged to be insane and his temporary guardian permitted Hayes to continue as before. In October, 1919, Hayes executed a lease of a part of the premises here in question to one of the plaintiffs for a term of five years from November 1, 1919, and on March 1, 1920, he executed a lease of another part for a term of five years from that date to the other plaintiff. The guardian of Brosnan did not authorize these leases and, as soon as he knew of them, wrote to the tenants that he had not signed nor assented to the leases and that they must govern themselves accordingly. On March 24, 1920, the defendant Charles H. Wentworth bought the undivided half of the property previously owned by Brosnan and by partition proceedings became the sole owner of the prem-

ises here in question on September 21, 1921. Hayes continued to collect rents and make disbursements on account of the property until May, 1921, and thereafter a receiver had charge until November, 1921. The plaintiffs regularly paid the rent as reserved in their leases to Hayes and the receiver.

Charles H. Wentworth had an accounting with Hayes and with the receiver wherein the amount of rent received monthly from each of the plaintiffs was stated. There is nothing to indicate that he knew that the plaintiffs were claiming to hold as lessees under written leases. The facts found do not require that inference. His acceptance of rent without knowledge of the existence of the leases or of the claims of the plaintiffs does not make the leases valid as to him. There are no facts found which constitute as matter of law ratification or approval of the leases by Charles H. Wentworth. Cases like *Nelson Theatre Co.* v. *Nelson,* 216 Mass. 30, and *Gross* v. *Cohen,* 236 Mass. 468, are clearly distinguishable. The finding of fact in the case at bar is that there was no ratification. The plaintiffs were in occupation of their respective tenements and would be expected to pay for the use. Mere acceptance of rent by the defendants does not constitute ratification of the leases. *Lamson* v. *Coulson,* 234 Mass. 288, 296.

There is nothing in this record which prevents the defendants from asserting their rights. In order to work an estoppel, one must be induced by the conduct of another to do something which otherwise would not have been done and which has resulted in his harm and that the other knew or had reasonable cause to know that such consequences might follow. Whether estoppel exists, or not, is a question of fact where more than one inference is possible. *Boston & Albany Railroad* v. *Reardon,* 226 Mass. 286, 291. The entry of the decree dismissing the bill imports a drawing of all rational inferences against the plaintiffs so far as necessary to that result.

*Decree affirmed with costs.*