ATTORNEY GENERAL *vs.* J. P. COX ADVERTISING AGENCY, INC., & another.

SAME *vs.* F. H. BIRCH COMPANY & another.

SAME *vs.* THE COCA-COLA FOUNTAIN SALES CORPORATION & others.

SAME *vs.* THE COCA-COLA FOUNTAIN SALES CORPORATION & another.

SAME *vs.* THE MOXIE COMPANY & another.

SAME *vs.* MARY J. DONNELLY, trustee, & another.

Suffolk. May 14, 1937. — September 20, 1937.

Present: RUGG, C.J., CROSBY, PIERCE, LUMMUS, & QUA, JJ.

*Advertising. Billboard. Statute,* Construction. *Words,* "Premises."

Section 30 of G. L. (Ter. Ed.) c. 93 must be interpreted as written, and unexpressed conditions and requirements not necessary to give it force and meaning should not be read into it.

The exception in § 30 of G. L. (Ter. Ed.) c. 93 applied to a sign advertising particular articles or brands on sale in a store upon which the sign was maintained although neither the name of the storekeeper nor a description of the type of store was on the sign and it was not maintained by either the storekeeper or the landowner.

A sign upon the roof of a three story building advertising a brand of cigars sold in a designated retail shop on the first floor was not on "the premises" of that shop and was not within the exception in G. L. (Ter. Ed.) c. 93, § 30.

SIX PETITIONS IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on May 14, 1936.

The cases were reserved and reported by *Donahue, J.,* for determination by the full court.

*E. O. Proctor,* Assistant Attorney General, for the petitioner.

*G. L. Barnes,* for the respondents F. H. Birch Company and another.

*J. T. Noonan, (H. L. Clark & E. E. Elder* with him,) for the respondents Coca-Cola Fountain Sales Corporation and others.

*C. J. Redmond,* for the respondent J. P. Cox Advertising Agency, Inc.

*R. S. Wilkins,* for the respondent Mary J. Donnelly, trustee, and another.

QUA, J.   These petitions are all brought under G. L. (Ter. Ed.) c. 93, § 31, to restrain the maintenance of certain billboards or signs in connection with certain retail stores in Boston and its vicinity.   The respondents in each case are the corporation or the person by whom the sign or signs were installed and the owner or owners of the premises upon which the store is located.

All the petitions are based upon alleged violations of regulations made by the department of public works under the authority of what is now G. L. (Ter. Ed.) c. 93, § 29. This section directs the department to establish "rules and regulations for the proper control and restriction of billboards, signs and other advertising devices . . . on public ways or on private property within public view of any highway, public park or reservation."   The section further provides that the rules and regulations may require that such billboards, signs or other devices be licensed and may prescribe license fees to be fixed with regard to the cost of administration.   Section 30 forbids the erection or maintenance within public view of any highway, public park or reservation of any billboard or other advertising device which advertises or calls attention to any business, article, substance or any other thing and which does not conform to the rules and regulations; "provided, that this section shall not apply to signs or other devices erected and maintained in conformity with law and which advertise or indicate either the person occupying the premises in question or the business transacted thereon, or advertise the property itself or any part thereof as for sale or to let and which contain no other advertising matter."

In the recent case of *General Outdoor Advertising Co. Inc.* v. *Department of Public Works,* 289 Mass. 149, we discussed at great length these statutory provisions and held that they came within the grant of power to deal with this subject conferred upon the Legislature by art. 50 of

the Amendments to the Constitution. We also held that, in general, the regulations of the department were valid under the statute, and so far as our power extends we held that the amendment, the statute and the regulations did not violate the Constitution of the United States. In considering the matters presented and argued in the cases now before us we have no occasion to examine constitutional questions again in any of their aspects.

In each of these cases the respondents contend that the sign or signs advertise the business transacted on the premises and therefore fall within the proviso or exception hereinbefore quoted from § 30, and hence that such signs are not subject to regulation by the department in any way. The decision of the cases depends upon the construction and application of said § 30.

It will first be necessary to state briefly some of the findings of the master. As the case against J. P. Cox Advertising Agency, Inc., discloses features which differentiate it from the others, we shall deal with that case separately at the end of this opinion.

(1) The F. H. Birch Company, which is engaged in the business of outdoor advertising, maintains three billboards affixed to the outside wall of a one-story brick store. Each of these boards is eight feet by four feet in size and is made of sheet iron over a metal framework. These are known as "poster panels" and are adapted for the pasting of paper posters. The posters are changed from time to time. All of them advertise various brands of foods which are for sale in a grocery and provision business which the owner of the building carries on in the store. The Birch company pays him a rental of $9 a year for each board.

(2) The Coca-Cola Fountain Sales Corporation is engaged in the business of selling a product known as "Coca-Cola." It does not engage generally in the outdoor advertising business. It erects or furnishes to be erected signs advertising "Coca-Cola" upon premises where "Coca-Cola" is sold at retail by the occupant. It erected and maintains a sign of enameled metal eight feet long and five feet high "alongside of" one of the windows of a drug store. The

upper portion of this sign, one foot in height, may be detached from the lower portion, so that its wording may be changed if occasion should arise. This upper portion now contains the words "DRUG-STORE." The lower portion advertises "Coca-Cola," which is sold in the drug store both for consumption on the premises and to be carried away. No rent is paid for the sign.

(3) The fourth case relates to another "Coca-Cola" sign upon a "neighborhood market." The circumstances are so nearly identical with those described in the case last mentioned that they need not be repeated. The upper portion of this sign contains the words, "CIGARS–CANDY." Cigars, candy and "Coca-Cola" are sold in the store. In this case and in the preceding case the parties have stipulated that at least one hundred thousand signs of the type of the "Coca-Cola" sign are maintained in the Commonwealth within view of highways, posted on premises where the product advertised is sold in the ordinary course of business.

(4) The fifth case relates to a "Moxie" sign affixed to the same store referred to in the last preceding case. It contains the words, "DELIVERY SERVICE," in addition to advertising "Moxie." The circumstances are otherwise so similar to those described in the "Coca-Cola" cases as not to require detailed statement. "Moxie" is sold in the store.

(5) In the sixth case the respondent Donnelly is engaged in the business of outdoor advertising. She maintains a poster billboard twenty-five feet long and twelve feet high upon the wall of a drug store. She pays the owner $15 a year as rental. The sign advertises a brand of chewing gum which is sold in the drug store.

None of the signs hereinbefore mentioned refers to the name under which the business is conducted in the store or to the proper name of its proprietor. All advertise commodities regularly sold in the store and nothing else. In each instance the same commodity is sold generally elsewhere. None of the signs was erected or is maintained by the proprietor of the business, but in every case except the last one it is found that the proprietor requested the

sign or contracted for it or consented to it. In the last case we cannot assume that the sign is maintained without his consent. None of the signs has been licensed under the regulations.

The particular words of § 30 descriptive of the signs and devices to be exempted are, "which advertise or indicate either the person occupying the premises in question cr the business transacted thereon." The "premises in question" can only be the premises upon which or in immediate proximity to which the sign is located. "Advertise" and "indicate," and "person" and "business" are in the alternative. Hence as applied to the facts in these cases, for aught that is expressed in the statute it is enough that the the sign be located upon "premises" upon which business is transacted in good faith, and that the sign either indicate the business or to some appreciable extent advertise it, and that the sign contain no other advertising matter. Any further requirement can be found, if at all, only by implication. There is nothing to show that the sign must be placed or maintained by the proprietor of the business, or at his expense, or that he or the landowner cannot make or consent to any lawful arrangement relative thereto, or that a sign is not exempt because in addition to advertising the business transacted upon the premises it also has the effect of popularizing in general the articles mentioned. Nor is it provided that the advertising or indicating of the person or business on the premises must be the primary or principal purpose or effect of the sign or device. So far as appears it was the intent and care of the Legislature to exclude from the burden of regulation altogether all signs and devices which indicated the identity or advertised the business of a *bona fide* dealer at his place of business, so that at that place he should be as free in all respects as he was before the passage of the act.

We cannot read into the statute by construction any of the unexpressed conditions and requirements hereinbefore suggested. We must interpret the statute as it was written. *Doane* v. *Phillips*, 12 Pick. 223, 226. *King* v. *Viscoloid Co.* 219 Mass. 420, 425. *Thacher* v. *Secretary of the Common-*

*wealth*, 250 Mass. 188, 190–191. *Arruda* v. *Director General of Railroads*, 251 Mass. 255, 263. *Commonwealth* v. *S. S. Kresge Co.* 267 Mass. 145, 149. This is not a case where the statute will be meaningless or impotent without the suggested implications. It will have full force as applied to billboards and signs which are not immediately associated with any place of business where the articles advertised are sold. Doubtless this was the field in which it was primarily intended to operate.

It remains to be considered whether the signs here in question do advertise or indicate the businesses transacted in the respective stores within the meaning of the statute. The Attorney General contends that an advertisement of a particular article or brand of an article does not advertise "the business," but that in order to be exempt a sign must indicate the general character of the store, as "John Smith, Grocer," or "Groceries," or "Groceries, Eggs and Poultry." If this is sound it would seem to follow that a dealer must obtain a license for every separate sign upon which he attempts to call special attention to any one of his wares unless he lists all of his wares thereon. It is common knowledge that almost every retail store is liberally supplied with signs and devices of all kinds and sizes both outside and inside calling attention to particular articles or brands of articles and to the prices at which they are offered. As the statute makes no distinction with respect to the sizes, shapes, or materials of signs or devices, or as to whether they are permanent or temporary, or located outdoors or indoors, it would result that as many of these signs as are visible from the public street would come under the regulations and would be subject to the requirement of license and fee. We cannot believe that the Legislature intended such a result. The words used do not compel it. Signs advertising particular articles or brands sold in the business do advertise the business. They seem clearly within the class which were intended to be exempted.

It is argued that this construction will facilitate evasions and undermine the purpose of the law by making it possible to maintain at a spot of scenic beauty an enormous bill-

board advertising articles kept for sale at some tiny roadside stand. But if this is so it is for the Legislature and not for us to determine whether this or similar practices have reached or will reach the dimensions of an evil requiring public attention, and it is for them and not for us to determine what additions to the statute will best put an end to them.

The signs complained of do have a tendency to call the attention of the public to articles which are for sale in the stores. Such signs attached directly upon stores of the kind described would, we think, have some tendency to induce passers-by to enter those stores for the purpose of buying such articles there. Therefore they advertise the business transacted on the premises and they are within the exception of § 30.

The case against J. P. Cox Advertising Agency, Inc., stands in a different position. In that case the sign is maintained by the advertising agency upon the roof of a three-story building under an agreement with the owner of the building by which the agency pays rent to the owner. There are several retail stores on the first floor. There are residential apartments on the two upper floors. The sign advertises a brand of cigar which is sold in the store of Perry Brothers three floors below. It contains the words, "SOLD BELOW PERRY BROS." It is a fair inference that the business of Perry Brothers does not extend above their store on the first floor. They do not own the building. Intervening portions of the building are occupied by others. The word premises has "different meanings dependent upon its connection and the object to which it is applied." *Old South Association* v. *Codman*, 211 Mass. 211, 216. *Wadman* v. *Boudreau*, 270 Mass. 198, 202. Commonly it refers to separate units of land or buildings separately occupied. *Doherty's Case*, 294 Mass. 363, 366. Doubtless in some connections the word would properly describe the entire building. But in the ordinary sense "the premises" occupied by Perry Brothers on which they do business cannot be said to include the roof, *Urban* v. *Simes*, 259 Mass. 336, 338, 339, and the store is so far removed from the sign that we think the words, "the premises in question," as

used in the statute cannot be stretched to include the store. The statute was intended to exempt only signs in immediate contact with the business which they advertise. This sign is not within the exception of § 30.

It becomes unnecessary to deal with the only exceptions to the master's reports which have been argued.

All interlocutory decrees are affirmed. In the case of Attorney General *v.* J. P. Cox Advertising Agency, Inc., a final decree is to be entered for the petitioner granting the relief prayed for with costs which shall include that proportional part of the expense of printing the combined record paid by the Commonwealth under the terms of the reservation which is attributable to this case. In the remaining cases final decrees are to be entered dismissing the petitions with costs which shall include reimbursement of the sum paid by each respondent respectively under the terms of the reservation for printing the combined record.

*Ordered accordingly.*