JACOB S. LEVIN *vs.* EDWARD A. ROSE.

Middlesex.     November 18, 1938. — February 17, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Landlord and Tenant,* Sign. *Estoppel.*

The owner of a three story building who by a lease in writing had let the first story for store purposes for five years with an option for extension for five years more, the lessee covenanting not to place a sign "upon the building" except by permission in writing of the lessor, was estopped to prevent the maintenance of a sign which in the third year of the lease he orally gave the lessee permission to erect on a portion of the outer wall of the building above the demised premises, where it appeared that the sign continued there during the original term and for over nine months of the extended term, that in a conversation between the parties when it then was taken down for repairs, the lessor "recognized" the lessee's "right to have the sign remain," and that the lessee had exercised his option to extend the lease in reliance on the lessor's assurance that the sign might remain.

BILL IN EQUITY, filed in the Superior Court on March 8, 1938.

The suit was heard by *M. Morton*, J.   It appeared that the store of the defendant occupied the first floor only of a three story building owned by the plaintiff: that the second and third floors were let as dwelling apartments; that among material provisions in the lease of the store to the defendant was a covenant that he would "not permit any hole to be drilled or made in the stone or brick work of the said building, or any placard or sign to be placed upon the building, except such and in such place and manner as shall have been first approved in writing by the lessor"; that the sign placed by the defendant on the outer wall of the building in August, 1934, extended from the top of the store premises past apartments on the second and third floors; that after the extension of the lease in March, 1937, the defendant in February, 1938, took the sign down for repairs, when there was a conversation between him and the plaintiff.

The plaintiff testified as to this conversation that he said to the defendant, "I see you are taking down the sign and I hope you won't put it back"; that the defendant replied, "I intend to put it back"; that he then said to the defendant, "I will give you $50 if you don't put the sign back"; and that the defendant replied, "If you give me $200, I won't put it back"; and that he then said to the defendant, "No, I won't pay no such a price."   The defendant testified that the conversation was not as the plaintiff testified but that the plaintiff stated that the sign should be kept down, and, when the defendant refused, that the plaintiff said that the defendant should give him $50 a year and he could keep the sign up.   As to this conversation, the judge found: The sign "was taken down in 1938 by the defendant for necessary repairs, and was replaced in substantially the same position as it was before removal.   The plaintiff's talks with the defendant at that time fairly indicated that the plaintiff recognized the defendant's right to have the sign remain."

From a decree dismissing the bill, the plaintiff appealed.

*B. D. Levinson*, for the plaintiff.

*E. M. Dangel, (L. E. Sherry & G. A. Goldstein* with him,) for the defendant.

RONAN, J. The plaintiff seeks an injunction against the further maintenance of a sign by the defendant, his lessee, upon the plaintiff's premises. The plaintiff leased a store situated upon the first floor of his property to the defendant for the term of five years from May 1, 1932, with the option of extending the lease for the further term of five years. The lease required the written approval of the lessor before the lessee should attach any sign to the building. The judge found that in July, 1934, the defendant sought and secured from the plaintiff oral permission to place a sign upon the building and that the defendant, relying upon such permission, ordered, purchased and erected the sign in question at considerable expense. This sign has remained upon the building since August, 1934, with the exception of a short time in February, 1938, when it was removed for repairs. The lease was extended in March, 1937. The judge further found that "The actions of the plaintiff in connection with the erection of the sign and his subsequent conduct as to the sign, as well as the position of the sign upon the building, fairly warrant the finding that the defendant was not a mere licensee, but that he was led by the plaintiff to believe that the sign could remain during the term of the lease, and it was so intended by the plaintiff." The plaintiff appealed from a final decree dismissing the bill.

A lease, unless otherwise providing, includes the control of the outside walls adjacent to the demised premises, with the incidental right to such walls for such purposes as they are usually and ordinarily employed by lessees occupying premises in the conduct of their business. *Pevey* v. *Skinner,* 116 Mass. 129. *Lowell* v. *Strahan,* 145 Mass. 1. *Whitehouse* v. *Aiken,* 190 Mass. 468. *Anderson* v. *Kopelman,* 279 Mass. 140. The lease to the defendant required him to secure the written approval of the plaintiff before he could attach a sign to the exterior wall of the building, and such an approval had never been obtained. The provision was for the benefit of the lessor, and he could waive

it by permitting the lessee to erect a sign although no written consent but only an oral one had been given, or, if he induced the defendant, who had no written approval, to erect the sign, he could not afterwards complain because such approval was lacking. The parties could at any time amend the lease by an oral agreement, which would be valid in all respects excepting as to such matters as came within the statute of frauds. *Hastings* v. *Lovejoy,* 140 Mass. 261. *Conroy* v. *Toomay,* 234 Mass. 384. *Moskow* v. *Burke,* 255 Mass. 563. *Lampasona* v. *Capriotti,* 296 Mass. 34, 38.

The defendant, however, could not acquire any interest in the plaintiff's property merely by virtue of an oral consent. *Nelson* v. *American Telephone & Telegraph Co.* 270 Mass. 471. *Baseball Publishing Co.* v. *Bruton, ante,* 54. The defendant does not base his defence upon the oral permission alone. The sign was reasonably necessary for the proper conduct of his business and the weight and effect to be given to the oral assent must be determined in the light of the attending circumstances, including the relation of the parties, the subject matter under consideration, and the object sought to be accomplished. The sign was to be maintained in conjunction with the use of the demised premises for the purpose designated in the lease. The case is clearly distinguishable from cases in which one has only the privilege of using some exterior surface of the premises for advertising purposes and has no right to go upon the premises except in the enjoyment of such a privilege. *Jones* v. *Donnelly,* 221 Mass. 213. *Gaertner* v. *Donnelly,* 296 Mass. 260. See *General Outdoor Advertising Co. Inc.* v. *Department of Public Works,* 289 Mass. 149, 200. *Attorney General* v. *J. P. Cox Advertising Agency, Inc.* 298 Mass. 383, 389. The defendant was in actual possession under his lease and desired the necessary permission to erect a sign on the outside wall of the building, although the sign was to project above the store. The defendant, however, cannot properly be adjudged to be only a licensee in the maintenance of the sign, if he can show that the plaintiff is prevented by his conduct from invoking the statute of frauds. It is settled that the statute is not a

bar where the denial of relief, to one who has been misled to his harm, would cause "an unjust and unconscientious injury and loss." *Glass* v. *Hulbert*, 102 Mass. 24, 36. *Stearns* v. *Hall*, 9 Cush. 31. *Curran* v. *Magee,* 244 Mass. 1, 5–6. *Gadsby* v. *Gadsby*, 275 Mass. 159, 168. *Andrews* v. *Charon*, 289 Mass. 1, 5. 2 Williston, Contracts (Rev. ed.) § 533A.

The action of the defendant in erecting and maintaining the sign was found to be the natural and probable consequence of the plaintiff's permission. The sign was not shown to have been of a stock pattern, but was apparently purchased for the special use of this particular store. It had remained upon the building for nearly two and one half years without any objection from the plaintiff, when the defendant, in answer to a request by the plaintiff, exercised the option for an extension of the lease. This was "but a simple prolongation of the original lease for a further term," *Shannon* v. *Jacobson*, 262 Mass. 463, 466, and did not affect the right of the defendant to maintain the sign. *Epstein* v. *Dunbar*, 221 Mass. 579. The judge finds in substance that the defendant renewed his lease, and was expected by the plaintiff to renew it, in reliance upon the assurance of the plaintiff that the sign might remain throughout the defendant's tenancy.

Whether evidence tending to support an estoppel is sufficient to prove it is ordinarily a question of fact. *Boston & Albany Railroad* v. *Reardon*, 226 Mass. 286, 291. *Taylor* v. *Jones*, 242 Mass. 210, 216. *Sutcliffe* v. *Burns*, 294 Mass. 126, 132. Although the judge made no specific finding that the plaintiff was estopped to prevent the further continuance of the sign, his findings, none of which is shown to be plainly wrong, set forth every fact essential to establish an estoppel. With the facts found as premises, no other conclusion is logically or legally possible. *J. H. Gerlach Co. Inc.* v. *Noyes*, 251 Mass. 558. *McLearn* v. *Hill*, 276 Mass. 519, 527. *Raldne Realty Corp.* v. *Brooks*, 281 Mass. 233, 238. *Looney* v. *Trimount Theatres, Inc.* 282 Mass. 275, 278.

*Decree affirmed with costs.*