Sullivan, J.
The issue in this case is whether there was error in the denial of a request filed by the plaintiff. As mortgagee, the plaintiff brought an action in replevin to recover an automobile held by the defendant who claimed a lien on it. In this state of the case the plaintiff filed a request for a ruling upon which it now relies, as follows:
3. That on the evidence a finding that the defendant is entitled to a lien for charges for storage for the automobile is not warranted.
*414 The trial judge refused this request without explanation and found for the defendant in $215.30 “considering that the garage lien is $215.30 and has priority over the chattel mortgage.”
The evidence taken in its aspect most favorable to the plaintiff, was to the effect that, before the mortgage was placed, as a preliminary to granting it, an officer of the plaintiff’s corporation telephoned the defendant’s treasurer asking what amount was due from the owner of the automobile; that the defendant’s treasurer replied that $150.00 was dúe; that in answer to a question whether the defendant upon receipt of $150.00 would send a discharge of its claim in full, the defendant’s treasurer answered in the affirmative; that a check for that amount was sent to the defendant, payable to its order, stating on its face to be “ In full payment of account . . .”; that the check was cashed by the defendant but that no discharge of its claim was ever sent.
The defendant’s treasurer testified that the application of the $150.00 to the owner’s account with the defendant paid in full the defendant’s claim for storage and left a balance due on the owner’s open account of $27.45. The amount found by the trial judge to be due the defendant was apparently this balance of $27.45, claimed to be due when the mortgage was dated, together with charges for accumulated storage since that date.
This state of the evidence presented a question of fact. If the defendant at the date of the mortgage had a claim for $150.00 on the automobile and the plaintiff relying upon the defendant’s statements of fact to that effect, paid that amount to the defendant in satisfaction of its claim, before taking its mortgage, there being a, promise by the defend *415 ant that a discharge of the claim was forthcoming, a finding that the defendant is estopped to claim now that a larger sum is due is warranted. The case is very close on its facts to Raldne v. Brooks, 281 Mass. 233, at 238. See, also, Tracy v. Lincoln, 145 Mass. 357, at 359. Spooner v. Cumings, 151 Mass. 313, at 315. Stiff v. Ashton, 155 Mass. 130 at 133. Lincoln v. Gay, 164 Mass. 537 at 540: Huntress v. Hanley, 195 Mass. 236, at 241. Deans v. Eldredge, 217 Mass. 583, at 588. J. H. Gerlach Co. v. Noyes, 241 Mass. 69, at 73. Nelson v. Wentworth, 243 Mass. 377, at 379. McLearn v. Hill, 276 Mass. 519, at 523-527. Looney v. Trimount Theatres, Inc., 282 Mass. 275, at 277-280. Ford v. Rogovin, 289 Mass. 549, at 552. Levin v. Bose, 302 Mass. 378, at 382.
These cases depend upon the principle that one who, by his speech or conduct, has induced another to act to his harm is estopped to assert his actual rights in the premises. “Fraud in its strict sense is not essential to estoppel” but it may be created “by words or conduct not consonant with fairness.” Ford v. Rogovin, 289 Mass. 549, at 552. “It is in the main to accomplish the prevention of results contrary to good conscience and fair dealing that the doctrine of estoppel has been formulated." McLearn v. Hill, 276 Mass. 519, at 524. Levin v. Rose, 302 Mass. 378, at 382.
Whether or not estoppel has been established is a question of fact. Mumroe v. Stanley, 220 Mass. 438, at 444. Boston & Albany Railroad v. Reardon, 226 Mass. 286, at 291. Taylor v. Jones, 242 Mass. 210, at 216. Nelson v. Wentworth, 243 Mass. 377, at 379. Augello v. Hanover Trust Co., 253 Mass. 160, at 167. Calkins v. Wire Hardware Co., 267 Mass. 52, at 69. Levin v. Rose, 302 Mass. 378, at 382.
The plaintiff, as the evidence stood, was clearly entitled to have the ruling given as requested to the effect that the *416 evidence on the issue of a lien did not warrant a finding for the defendant. If the evidence already stated was accepted as true, a finding of fact was warranted that the defendant was estopped to claim such a lien. A request in such a form raises a question of law. Castano v. Leone, 278 Mass. 429, at 430. The trial judge was under an obligation to grant the request or to demonstrate by explanation or facts found that it was not applicable or irrelevant. Bresnick v. Heath, 292 Mass. 293, at 298. Mazmanian v. Kuken, 285 Mass. 516, at 518.
The fundamental issue in the case is whether the trial judge effectively disposed of the request by the statement attached to his refusal “considering that the garage lien is $215.30 and has priority over the chattel mortgage.” That statement is not in terms a finding of fact that there was a garage lien. It is a statement of law that a garage lien has priority over az mortgage; as such it does not directly meet the issue raised by the plaintiff’s request. It disregards the fact that a lienor having a good lien may by conduct or words create an estoppel which will prevent his maintaining the lien.
On the evidence the plaintiff had two points of defense against the defendant’s lien. One was an issue of fact that there was no lien when the mortgage was placed. The other was that if this was a valid ilen, the defendant’s speech and conduct estop him to claim it. It would have been easy for the trial judge to dispose of each of these points of view by stating that he did not believe the testimony favorable to the plaintiff. Although this decision of fact may have been the basis of his statement that the lien had priority over the mortgage, there is no suggestion of such a conclusion in the statement. The situation is equally consistent with another conclusion, that he did not under *417 stand the principle of estoppel and did not appreciate its applicability to these facts.
A duty rests on the trial judge to demonstrate the correctness of his action. It must not be left to surmise or speculation, but must appear expressly. The ground of refusal must be one which is “distinctly stated or plainly appears in some way on the record.” No presumption in favor of the trial court is created by the ruling. Hetherington & Sons v. William Firth Co., 210 Mass. 8, at 17. Rodde v. Nolan, 281 Mass. 493, at 497. A party is entitled not only to a ruling correct in law, but to assurance that it has been correctly applied. Clarke v. Second National Bank, 177 Mass. 257, at 266. Chandler v. Baker, 191 Mass. 579, at 585. Massachusetts General Hospital v. Belmont, 233 Mass. 190, at 210. Kaufman v. Sydeman, 251 Mass. 210, at 217. Schmoll-Fils & Co. v. Agoos, 256 Mass. 195, at 200. Rooney v. Porter-Milton Ice Co., 275 Mass. 254, at 257. Commercial Credit Corporation v. Flowers, 282 Mass. 316, at 321, 322. Markiewicz v. Toton, 292 Mass. 434, at 437. Adomaitis v. Metropolitan Life Ins. Co., 295 Mass. 215, at 219-221. Halnan v. New England Tel. & Tel. Co., 296 Mass. 219, at 223.
In our opinion our inability to determine the theory upon which the trial judge acted in refusing the request leaves us in doubt as to what he meant and what legal principles he applied to the facts. The record does not show that the ultimate decision was not due to an erroneous view of the law but leaves it possible that it was. Wilson v. Birkenbush, 305 Mass. 173, at 177. Minsk v. Pitaro, 284 Mass. 109, at 115. We are bound, therefore to rule that there has been prejudicial error in denying the third request without adequate explanation or finding. The finding for the defendant is to be vacated and the case is to stand for a new trial.