ROBERTA WESLEY *vs.* PHILIP L. MARSMAN. November 7, 1984. *Contract,* Sale of real estate, Modification. *Frauds, Statute of.*

The plaintiff (buyer) appeals from an order of the Appellate Division of the District Courts dismissing a report challenging the trial judge's determination that the buyer was not entitled to a return of a deposit she made in connection with a July 16, 1979, agreement to purchase real estate by February 1, 1980. The agreement provided that, if specified financing was not obtained within sixty days, the deposit would be refunded. The financing was not obtained within sixty days in the amount specified. Before the sixty days expired in mid-September, a bank made a mortgage commitment in a lesser amount, and, in a letter to the broker, the buyer described aspects of a proposed new arrangement for financing. The buyer paid $150 to the bank to preserve her mortgage commitment. She moved into the premises on October 1, 1979, under a lease agreement, made repairs consistent with her intended ownership, and made no mention of a return of the deposit. The buyer thereafter became discontent with the situation and in the middle of December demanded return of the deposit.

The judge found that the buyer had waived the sixty-day return of deposit provision and that the buyer had made no reasonable and good faith efforts to complete the sale within the time provided in the purchase and sale agreement.

The buyer's arguments are not focused, as they should be, on the judge's rulings on requests for rulings and thus much of what is argued in the buyer's brief is beside the point for the purposes of our appellate review. See Dist. Mun. Cts. R. Civ. P. 64 (c). Of the requests for rulings which the buyer argues are pertinent to her appeal, only one was denied. The judge ruled that the evidence warranted a finding that a different contract was entered into after the original agreement, by the parties modifying its terms. The question of the subsequent agreement being unenforceable under the Statute of Frauds does not appear to be raised by any request for a ruling, but the judge volunteered, in response to

the buyer's motion to amend the judgment, that the buyer's letter to the broker, her subsequent action, and silence about the refund of the deposit would satisfy the Statute of Frauds if it applied.

There was evidence warranting the finding that the parties orally modified the terms of the original agreement concerning the return of the deposit. See *Flynn* v. *Wallace,* 359 Mass. 711, 715 (1971). It is a settled "principle that the mode of performance required by a written contract may be varied by a subsequent oral agreement based upon a valid consideration." *Siegel* v. *Knott,* 316 Mass. 526, 528 (1944). See *Moskow* v. *Burke,* 255 Mass. 563, 567 (1926); *Hurlburt* v. *Fitzpatrick,* 176 Mass. 287, 290 (1900). Enforcement of that modified agreement was not barred by the Statute of Frauds.

*Order dismissing report affirmed.*

*Robert K. Cunningham,* for the plaintiff, submitted a brief.