Cowin, J.
This is a negligence action in which plaintiff alleges that defendants’ acts or omissions with respect to snow and ice removal from defendants’ property caused plaintiff to fall, sustaining personal injury. Defendants now move for summary judgment pursuant to Mass.R.Civ.P. 56(c). For reasons discussed below, the motion is denied.
BACKGROUND
Plaintiff Charlotte Dysyko leased a residential unit in a development known as the Beaver Terrace Apartments. She alleges that said development is owned and managed by defendants John Corcoran and Cor-coran Management Company, Inc. Under a written, self-renewing lease between plaintiff and “Landlord" (identified as Beaver Terrace Apartments) a parking space in the development parking lot is reserved for each tenant. An addendum to the lease, signed by plaintiff, states: “Tenant must remove snow from the front and back walks leading to his/her apartment and parking area reserved for his/her car.” According to the plaintiffs deposition, however, the landlord ordinarily removed the snow and the parking lot was routinely plowed on snowy days. Plaintiff alleges that on February 17, 1990, she slipped and fell in the parking lot on ice which had accumulated as a result of the manner in which the lot was plowed.
DISCUSSION
Summary judgment shall be granted where the moving party demonstrates that there is no genuine issue as to any material fact, and that it is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Defendants argue that, under the written lease, plaintiff was responsible for snow removal and thus they cannot be held liable for damages arising from faulty snow removal. Plaintiff contends that the lease was modified by the defendants’ conduct in routinely plowing the lot so that the defendants bore responsibility for snow removal.
A lease may be amended without a writing, at least as to all matters except those within G.L. c. 259, the Statute of Frauds, Levin v. Rose, 302 Mass. 378, 381 (1989), and modification may sometimes be inferred from the conduct of the parties. Schinkel v. Maxi-Holding, Inc., 30 Mass.App.Ct. 41, 47 (1991); Buker v. National Management Corp., 16 Mass.App.Ct. 36, 44 n.9 (1983). A valid modification, however, requires consideration apart from the parties’ preexisting duties under the original agreement. Wesley v. Mausman, 393 Mass. 1003, 1004 (1984). In this case, it appears that the landlord’s activity was gratuitous. There is no evidence that plaintiff provided valid consideration for the landlord’s undertaking that which plaintiff was obliged to do under the lease. Thus, there is no binding modification present here.
There are, nevertheless, alternative grounds upon which plaintiff may recover. Defendants may be es-topped from denying responsibility for snow removal if their conduct induced plaintiffs reliance, provided such reliance was reasonable. Buker, supra, 16 Mass.App.Ct. at 44. See also Levin, supra, 302 Mass, at 381-82. Because the question whether there is an estoppel is a question of fact, id., summary judgment is inappropriate.
Further, even accepting, arguendo, that the written lease controls, defendants may nevertheless be subject to liability. In Young v. Garawacki, 380 Mass. 162 (1980), the Supreme Judicial Court held that a landlord’s tort liability is to be tested by a standard of reasonableness and foreseeability in light of all relevant factors, and is not necessarily limited to areas under the landlord’s control. See also G.L. c. 186, §14 (1990 ed.) (any clause in lease indemnifying landlord from negligence liability for defects on premises and appurtenances is deemed void as against public policy). Plaintiff is entitled to an opportunity to prove that defendants failed to exercise reasonable care under the circumstances here present, including the likelihood of injury because of conditions in the lot. Young, 380 Mass, at 169. Because defendants have not shown *20 the absence of a triable issue on these theories, summary judgment is denied.
ORDER
For the foregoing reasons, defendants’ motion for summary judgment is hereby DENIED.